James PIATT, Plaintiff-Appellant,

v.

Ellis MacDOUGALL,
Defendant-Appellee.

No. 82-5328.

United States Court of Appeals,
Ninth Circuit.

Argued En Banc and Submitted
July 11, 1984.

Decided Oct. 8, 1985.

Robert A. Van Nest, Keker & Brockett, San Francisco, Cal., for plaintiff-appellant.

Jay R. Adkins, Asst. Atty. Gen., Phoenix, Ariz., for defendant-appellee.

Before BROWNING, Chief Judge, GOODWIN, HUG, TANG, SKOPIL, SCHROEDER, FARRIS, ALARCON, FERGUSON, CANBY and REINHARDT, Circuit Judges.

GOODWIN, Circuit Judge.

James Piatt, a prisoner at Florence, Arizona, appeals from a judgment dismissing, on the grounds of res judicata, his claims for wages for work performed at an Arizona prison. The district court gave a prior state court judgment preclusive effect even though some of Piatt's federal claims under 42 U.S.C. § 1983 were not addressed by the state court and even though Piatt was allegedly unable to appeal the state court decision because he could not afford a $20 filing fee. A divided panel of this court affirmed in part, reversed in part and remanded for further proceedings. Because this case raises novel questions about the doctrinal limits of *Hudson v. Palmer*, — U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), we took the case en banc along with two other prisoners' appeals under § 1983.[1] We affirm in part, reverse in part, and remand for further proceedings.

Piatt alleges that while a prisoner, he worked as a porter and teacher's aide for several days in 1980 for which he received no compensation. He also claims to have worked for several months later in 1980 in the prison workshop on projects for private entities that had contracted with the prison, again without compensation. He contends that Arizona law entitles inmates to compensation for both types of work.[2] He also

---

1. This case was heard along with *Haygood v. Younger*, 718 F.2d 1472 (9th Cir.1983), *withdrawn*, 729 F.2d 613 (9th Cir.1984), and *Bretz v. Kelman*, 722 F.2d 503 (9th Cir.1983), *withdrawn* 729 F.2d 613 (9th Cir.1984).

2. Ariz.Rev.Stat. § 31–254 provides in relevant part:

A. Each prisoner who is engaged in productive work in any state prison or institution under the jurisdiction of the department of

contends that, as a matter of consistent policy, prison director MacDougall refuses to pay any inmates for work performed for private entities.

Piatt first sought relief through the prison grievance procedure. Grievance relief was denied because, according to prison director MacDougall, there was no statutory authority for paying the claimed wages to prisoners.

Piatt next sought relief by filing a petition in the Arizona Supreme Court. That court declined to accept the petition on jurisdictional grounds. He then filed a "petition for a writ of special action" in the state superior court. That petition claimed only the right to be paid for his teacher's aide and porter work and did not mention the work he allegedly did in the prison workshop. The superior court denied relief on the merits. Piatt's attempt to appeal that ruling was frustrated because the state appellate court would not waive the $20 filing fee despite Piatt's claim to be indigent.

Frustrated in his state appeal, Piatt filed two documents in federal district court which, liberally construed, alleged that the state's refusal to pay him for work in the prison workshop and as a teacher's aide and porter deprived him of property without due process of law contrary to the Fourteenth Amendment. The district court consolidated both complaints and then dismissed the action as barred by res judicata.

Piatt asserts that whether or not the porter and teacher's aide claim was adjudicated in state court, that decision should not bar relitigation in federal court of his constitutional claims under § 1983 because he was too poor to pay the filing fee for an appeal in the state court system. Secondly, Piatt contends that, because the Arizona trial court did not address (or have before

it) his claim for the workshop wages, and because the Arizona Supreme Court's decision to deny jurisdiction on that claim was not a decision on the merits, res judicata does not bar his litigating that claim in federal court.

■ We first address Piatt's claim for wages as a porter and teacher's aide. The panel decision correctly held that the doctrine of res judicata bars that claim.

Federal courts must afford full faith and credit to state judicial proceedings. 28 U.S.C. § 1738. *See Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (federal courts hearing § 1983 actions must give collateral estoppel or issue preclusive effect to state court judgments); *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (federal courts hearing § 1983 actions must give res judicata or claim preclusive effect to state court judgments). Whether a prior state court judgment bars litigation of a § 1983 claim depends on the preclusion rules of the state, not those of the federal courts. *Migra*, 104 S.Ct. at 896.

■ Under Arizona law, a final judgment on the merits absolutely bars a subsequent suit involving the same cause of action. *O'Neil v. Martin*, 66 Ariz. 78, 85, 182 P.2d 939, 943 (1947). A judgment which can be, but is not appealed, is final under Arizona law. *See Casa Grande Trust Co. v. Superior Court*, 8 Ariz.App. 163, 165, 444 P.2d 521, 523 (1968). Piatt argues that penury prevented his appeal. However, the Arizona court's denial of Piatt's appeal for failure to pay the filing fee is not constitutionally impermissible. *See Ortwein v. Schwab*, 410 U.S. 656, 660, 93 S.Ct. 1172, 1174, 35 L.Ed.2d 572 (1973). Arizona is free to restrict the right of indigent litigants to a waiver of filing fees, *Tahti-*

---

corrections as a part of the prison industries program shall receive for his work such compensation as the director of the department of corrections shall determine. Such compensation shall be in accordance with a graduated schedule based on quantity and quality of work performed and skill required for its performance, but in no event shall such compensation exceed fifty cents per hour unless,

pursuant to § 41–1624.01, the director enters into a contract with a private person, firm, corporation or association in which case such compensation shall be as prescribed by the person, firm, corporation or association, but shall not be below the minimum wage.
Ariz.Rev.Stat. § 41–1624.01(A) states:
  The director shall compensate prisoners for their services pursuant to § 31–254.

*nen v. Superior Court,* 130 Ariz. 513, 516, 637 P.2d 723, 726 (1981), *cert. denied, sub nom., Mendibles v. Superior Court of Pinal County,* 454 U.S. 1152, 102 S.Ct. 1021, 71 L.Ed.2d 308 (1982), as long as the case does not implicate a fundamental interest and the litigant has some alternative recourse not conditioned on the payment of a fee. *See Ortwein,* 410 U.S. at 659, 93 S.Ct. at 1174; *United States v. Kras,* 409 U.S. 434, 445–46, 93 S.Ct. 631, 34 L.Ed. 626 (1973); *Boddie v. Connecticut,* 401 U.S. 371, 380–81, 91 S.Ct. 780, 787, 28 L.Ed.2d 113 (1971). Like the welfare recipients in *Ortwein* who petitioned for review of state administrative decisions reducing their welfare payments, Piatt had access to at least one constitutionally adequate hearing (the state court's review of his "petition for a writ of special action") and, like the challenge to the reduction of welfare benefits in *Ortwein,* Piatt's contract claim for wages due him does not implicate a fundamental interest.

■ Applying these res judicata principles to Piatt's two consolidated complaints, we find that the district court properly ruled that the Arizona judgment barred further litigation of Piatt's claims for wages for his work as a teacher's aide and porter.[3] Because the Arizona court did not address Piatt's claim for wages for working in the prison workshop, however, res judicata does not bar federal litigation of that claim. He has never been afforded a state court hearing on the merits of the claim which was excluded from consideration in the district court because of the manner in which the claims were consolidated and then summarily dismissed at the state's urging. Furthermore, the claims themselves have distinguishable elements; the basic evidentiary facts necessary to prove Piatt's claim for workshop wages are obviously distinct from those presented to the Arizona trial court in the porter/teacher's aide claim. The work occurred at different times and places and was performed for different employers. The only Arizona court ruling on the workshop claim is the Arizona Supreme Court's order declining jurisdiction. Such an order is not res judicata because it is not a resolution of the claim on the merits. *See Kaufman v. Pima Junior College,* 16 Ariz.App. 152, 155, 492 P.2d 32, 35 (1971).

Having concluded that Piatt's claim for workshop wages is not barred by res judicata in federal court, we must examine whether Piatt's claim under § 1983 would survive a motion to dismiss for failure to state a federal cause of claim.

■ The first element of Piatt's § 1983 claim is that Arizona has deprived him of liberty without due process of law by forcing him to work without pay. We need not reach that due process question because the state has not deprived Piatt of a constitutionally protected liberty interest. The Thirteenth Amendment does not prohibit involuntary servitude as part of imprisonment for a crime. *See Draper v. Rhay,* 315 F.2d 193, 197 (9th Cir.), *cert. denied,* 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963).

The second element of Piatt's § 1983 claim requires a more probing examination. He asserts that an Arizona statute entitles him to payment for his work in 1980 and that prison director MacDougall misinterpreted Arizona law when he refused to pay Piatt and other inmates for this sort of work. His contention is that MacDougall's refusal amounted to a deprivation of property without due process of law. Based as it is on the constitutional right to due process, Piatt's claim will succeed or fail in part depending upon whether he had a property right to wages from his workshop work. Because this case is before this court on a summary judgment order, moreover, we must accept the truth of Piatt's

---

**3.** The legal theories underlying Piatt's state court and federal court claims are different. To prove a deprivation of property without due process of law, Piatt must first prove that he had a property interest in the prison wages; the state court has decided that he had no such interest. Piatt's second claim, that he was denied equal protection, was specifically raised in his state court claim and is therefore also barred.

assertion that he worked in the prison workshop on behalf of a private contractor.

■ The language of the Arizona statute is unambiguous. We are aware of no controlling Arizona state court interpretation of the statute, however. Questions of state law, furthermore, are reviewable de novo in this court. *Matter of McLinn,* 739 F.2d 1395, 1397 (9th Cir.1984) (en banc). Accepting Piatt's assertions as true that he engaged in productive work as a prisoner, he is entitled to "such compensation as the director of the department of corrections shall determine." Ariz.Rev.Stat. § 31–254. If, as Piatt asserts, his work was done as part of a contract with a private entity, we conclude that he is entitled to pay at least equal to the minimum wage. *Id. See* Ariz. Rev.Stat. § 41–1624.01(A). Because Arizona has established, by statute, a right of inmates to compensation for work performed for private parties, it cannot deny that right to Piatt after he has earned the wages, without affording him due process of the law. *See Goldberg v. Kelly,* 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970).

■ Because Piatt claims a deprivation of a property interest he is entitled to a meaningful hearing at a meaningful time. We must determine whether the state is required to provide such a hearing before or after the alleged deprivation. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In *Parratt,* the Supreme Court held that a state may satisfy the constitutional requirements for a hearing through process provided as a remedy after a deprivation has occurred, in lieu of preventative process, when the deprivation is the result of random, unauthorized and negligent conduct by state officials, *id.* at 534–5, 101 S.Ct. at 1912, and where it is either impracticable or impossible for the state to provide preventative process because the state cannot have foreseen the potential deprivation. *Id.* at 540–41, 101 S.Ct. at 1915–16.

While the Court in *Hudson* extended *Parratt* to relatively minor infractions involving random and unauthorized but intentional conduct by state officials, *see Haygood v. Younger,* 769 F.2d 1350, 1356 (9th Cir.1985) (en banc), it has refused to endorse the constitutionality of remedial process where the deprivation is not random or where it would have been practicable for the state to provide process before the fact. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 433–36, 102 S.Ct. 1148, 1156–58, 71 L.Ed.2d 265 (1982). There has been considerable disagreement among the circuits over drawing the line between *Parratt* and *Logan. See generally,* Smolla, *The Displacement of Federal Due Process by State Tort Remedies: Parratt v. Taylor and Logan v. Zimmerman Brush Co.,* 1982 U.Ill.L.Rev. 831.

In this circuit, we have held that *Parratt* is not applicable to a case in which the state official is acting pursuant to a state policy and deliberately carrying out what appears to that official to be proper procedures. *Haygood v. Younger,* at 1357. *Parratt* was designed only to reach situations in which the state administrative machinery did not and could not have learned of the deprivation until after it had occurred.

■ Where the state has procedures, regulations or statutes designed to control the actions of state officials, and those officials charged with carrying out state policy act under the apparent authority of those directives, it makes no sense to say either that their conduct is "random" or that it is impossible for the state to provide a hearing in advance of the deprivation. The considerations underlying *Parratt* are simply inapplicable to deliberate, considered, planned, or prescribed conduct by state officials, whether or not such conduct is authorized.

Piatt's complaint alleges conduct, which, if true, is clearly deliberate and considered. Prison director MacDougall's routine failure to compensate prisoners under Ariz. Rev.Stat. § 31–254 and § 41–1624.01(A) was not random and, because the Arizona statutes mandate compensation, it was also unauthorized. Under the principles enunciated in *Logan* and *Haygood,* therefore, the

state was under a constitutional obligation not to deny Piatt his wages without affording him a meaningful opportunity to be heard at the time the wages were due.

On remand, the district court should determine whether, as Piatt alleges, he performed the work.

We affirm the district court's dismissal of Piatt's claim for wages for the teacher's aide and porter work.

Reversed in part and remanded for further proceedings consistent with this opinion.