William A. TURNER, et al., Plaintiffs,

v.

NEVADA BOARD OF STATE PRISON COMMISSIONERS, an administrative body, et al., Defendants.

No. CV-R-84-390-ECR.

United States District Court,
D. Nevada.

Dec. 13, 1985.

Terry, Winter & Wessel by James W. Wessel, Carson City, Nev. for plaintiffs.

Brian McKay, Atty. Gen. by Arthur G. Noxon, Deputy, Carson City, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiffs have filed a complaint alleging violations of their civil rights pursuant to 42 U.S.C. § 1983. Plaintiffs also seek to bring this complaint as a class action.[1] Plaintiffs are employed prisoners participating in available work programs earning gross monthly wages in excess of $75.00. Pursuant to Department of Prisons Information Bulletin # 83–78, rev. 3/30/84, defendants assess plaintiffs' room and board charges. Plaintiffs allege that the room and board charges which are deducted from their wages violate their due process and equal protection rights.

Defendants move this Court to dismiss this complaint for failure to state a claim upon which relief can be granted. This Court assigned this case to the United States Magistrate, Phyllis Halsey Atkins, for all pretrial proceedings in accordance with 28 U.S.C. § 636(b)(1)(A). The Magistrate filed her Report and Recommendation recommending to this Court that the motion to dismiss be granted. Plaintiffs filed objections. Defendants moved to strike these objections as not having been timely filed. For the reasons stated below, we deny defendants' motion to strike and reject the Magistrate's recommendation.

## MOTION TO STRIKE

The Magistrate entered her Report and Recommendation on June 21, 1985. She recommended that defendants' motion to dismiss be granted. Although the report

---

1. Plaintiffs have not taken any steps toward certification of the class. This Court has begun to receive motions by certain prisoners to exclude them from any class certified in this case.

did not inform plaintiffs of their responsibility to object within 10 days, objections must be made within 10 days pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs filed their opposition to the Magistrate's recommendation on July 10, 1985. The defendants move to strike this opposition as not having been timely filed.

This Court may reconsider any pretrial matter where the Magistrate's order is contrary to law. 28 U.S.C. § 636(b)(1)(A). Thus, even if we were to strike the opposition, we will still reconsider this recommendation because we find it to be contrary to law. This Court, therefore, finds it unnecessary to strike plaintiffs' objections.

MOTION TO DISMISS

Defendants support their motion to dismiss by arguing: (1) that the Board of Prison Commissioners enjoy Eleventh Amendment immunity from this suit; (2) that plaintiffs have no property right to wages free from deductions for their maintenance; and (3) that the classification between working and non-working inmates is rationally related to a legitimate state purpose. Plaintiffs, in opposing defendants' motion, argue that they have a property right conferred by Nevada statute in wages that they earn with deductions only for victim restitution or family support. Plaintiffs assert that their wages were taken for room and board without hearing or notice. In addition, plaintiffs argue that it is irrational to distinguish between those inmates diligent enough to work and those inmates who do not work when determining which inmates must contribute to the cost of their maintenance.

For purposes of ruling on a motion to dismiss, this Court must accept as true all material allegations of the complaint, and must liberally construe the complaint in favor of the complaining party. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969).

BOARD OF PRISON COMMISSIONERS

Defendants first move to dismiss the Nevada Board of Prison Commissioners. Plaintiffs consent to this motion. Thus, the motion to dismiss the complaint against the Nevada Board of Prison Commissioners will be granted.

DUE PROCESS

Defendants argue that plaintiffs have no due process claims. Plaintiffs allege that the deductions from their wages for room and board amounts to a deprivation of property without due process of law. Plaintiffs' claims depend upon whether they have property rights to those wages. *See Piatt v. MacDougall,* 773 F.2d 1032, 1035 (9th Cir.1985) (en banc).

■ Nevada law provides that the director of the prison is to establish a program for employment of the offenders. NRS § 209.459. Nevada law, NRS § 209.-461(1), further provides that:

1. The director shall:

(a) To the greatest extent possible, establish facilities which approximate the normal conditions of training and employment in the community.

(b) To the extent practicable, require each offender, except those whose behavior is found by the director to preclude participation, to spend 40 hours each week in vocational training or employment, unless excused for a medical reason.

(c) Use the earnings from services and manufacturing conducted by the institutions and the money paid by private employers who employ the offenders or lease space or facilities within the institutions to offset the costs of operating the prison system and to provide wages for the offenders being trained or employed. The director may first deduct from the wages of any offender such amounts as the director deems reasonable to meet any existing obligation of the offender for the support of his family or restitution to any victim of his crime.

NRS § 209.461(1). According to this statute, the only deductions which may be made from the prisoners' wages are those deductions for the support of family or restitution to any victim. This Court finds that the statute is unambiguous and does

grant a property interest in an offender's wages.

Further support for this finding is ascertainable from a review of other statutes. For example, the director is required to establish an "offenders' employment fund" for each offender and to deposit the net amount of any wages earned during incarceration. NRS § 209.215. There are no state cases interpreting this statute and, except for NRS § 209.461(1) just discussed wherein only deductions for family support or victim restitution are mandated, no deductions for room and board are authorized.[2]

This Court's view that there is clearly no statutory authority for deductions for room and board is shared by the prison warden. The Nevada legislature amended Chapter 209 so that now the prison is allowed by statute to deduct the cost of maintenance from inmates' wages. 1985 Nev.Stat. Ch. 159, Section 1. George Sumner, a prison warden, testified before the Assembly Judiciary Committee. He stated that the reason for the statute was to legally provide for deductions of the cost of maintaining an offender from wages earned while in prison. He further stated that although they had been making such deductions, there was "no statutory authorization for so doing." *Hearings on SB 240, Before the Assembly Committee on Judiciary,* 1985 Nevada Legislature, April 17, 1985 (statement of George Sumner).

Accordingly, because we find that no statutory authority for maintenance deductions prior to the new amendment existed and that Nevada statutes established the plaintiffs' right to compensation for work performed, defendants could not deny that right to plaintiffs without affording them due process of law. *See Piatt,* 773 F.2d at 1036. Upon making this finding, it is unnecessary for this Court to reiterate the analysis of *Piatt.* As in *Piatt,* plaintiffs allege conduct which entitled them a meaningful hearing at a meaningful time. *Id.*

Despite this finding by the Court, however, the amendment to Chapter 209 means that Nevada law now does not establish a property right in wages without deduction for the cost of maintaining offenders. The amended section provides:

Section 1. Chapter 209 of NRS is hereby amended by adding thereto a new section to read as follows:

*The director may deduct from the wages earned by an offender from any source during his incarceration:*

*1. An amount determined by the director, with the approval of the board, to offset the cost of maintaining the offender in the institution, as reflected in the budget of the department; and*

*2. Such amounts as the director considers reasonable to meet any existing obligation of the offender for the support of his family or restitution to any victim of his crime.*

1985 Nev.Stat. Ch. 159, Section 1. The issue now before this Court is what impact this new section has on the instant case.

■ The general rule is that this Court would be governed by the law in effect at the time this decision is rendered. *United States v. The Schooner Peggy,* 1 Cranch (5 U.S.) 103, 2 L.Ed.2d 49, 1 Cranch 103 (1801). Legislation is not, however, applied to pending cases where the legislature has expressly directed that the legislation be prospective only or where manifest injustice would result from a retrospective application.

The new section to Chapter 209 is silent as to the prospective application of deductions to offset the cost of maintaining an offender. Turning to the second exception, manifest injustice may arise if application of the statute would deprive a party of a matured right. *Matter of Reynolds,* 726 F.2d 1420, 1423 (9th Cir.1984). Retroactive application of a statute which might result in an unconstitutional taking of property without due process of law would constitute manifest injustice. *Id.* at 1423–1424.

---

2. Nevada statute specifically provides for deductions from offender wages for living expenses

when the offender is housed at a community center. NRS § 209.4831.

■ Because we find that prior to the enactment of the new section, offenders did have a property right in their wages, it would be a manifest injustice to apply the new section retroactively. Thus, plaintiffs' claims as to money deducted prior to approval of the new statute are still cognizable.

■ The inquiry does not, however, end here. Plaintiffs also seek injunctive relief. Because they no longer have a property right free from deductions for their upkeep, injunctive relief is, therefore, no longer appropriate. Thus, the motion to dismiss the complaint as to injunctive relief will be granted.

## EQUAL PROTECTION

■ Plaintiffs argue that the classification between those inmates who earn $75.00 or more in wages and those who do not is a violation of their equal protection rights. Defendants argue that the state has a legitimate state interest in developing work habits and self-discipline and that the state's classification is rationally related to those interests.

The Equal Protection Clause of the Fourteenth Amendment directs that all persons who are similarly situated should be treated in the same manner. *City of Cleburne v. Cleburne Living Center,* — U.S. —, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). "The general rule is that [challenged] legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.* Unless the statute classifies by race, alienage or national origin, our review is a determination of whether the legislation employs a rational means to serve a legitimate end. *Id.,* 105 S.Ct. at 3255.

The challenged action in this case does not involve a suspect classification based upon race, alienage or national origin. Neither are plaintiffs a member of a quasi-suspect class which would trigger this Court's intermediate or heightened review. *See Frontiero v. Richardson,* 411 U.S. 677, 686, 93 S.Ct. 1764, 1770, 36 L.Ed.2d 583 (1973) (plurality opinion) (gender classification calls for heightened scrutiny); *see also Mathews v. Lucas,* 427 U.S. 495, 506, 96 S.Ct. 2755, 2762, 49 L.Ed.2d 651 (1976) (classification based upon illegitimacy is subject to heightened review). Thus, this Court shall examine the challenged legislation based upon a rational basis review.

To withstand equal protection review, legislation that distinguishes between inmates who earn $75.00 or more and other inmates must be rationally related to a legitimate governmental purpose. There is no dispute between the parties that the goals of the state in developing work habits and self-discipline as well as preparing for eventual release by the accumulations of a savings account are legitimate and proper. Rather, plaintiffs argue that the classification that only those inmates who earn $75.00 or more be required to contribute to their upkeep is not rationally related to that state interest. We disagree.

Although there may be other ways to classify the inmates, it is not the function of this Court to second-guess Nevada's classification. This Court finds that the classification is rationally related to the state interests. Thus, the motion to dismiss plaintiffs' claims for relief based upon violations of their equal protection rights will be granted.

## CONCLUSION

IT IS, THEREFORE, HEREBY ORDERED that the motion to strike plaintiffs' objections is DENIED.

IT IS FURTHER ORDERED that the motion to dismiss the Nevada Board of Prison Commissioners is GRANTED.

IT IS FURTHER ORDERED that the motion to dismiss is GRANTED as to injunctive relief sought.

IT IS FURTHER ORDERED that the motion to dismiss is DENIED as to relief sought for deductions made prior to the 1985 amendment to Chapter 209.