967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mike HERNANDEZ, Plaintiff-Appellant,
v.
Eddie YLST, et al., Defendant-Appellee.
 No. 89-16297.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1992.*
Decided June 2, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mike Hernandez appeals pro se the district court's judgment dismissing sua sponte his in forma pauperis action for damages against the Superintendent of the California Medical Facility and others. We have jurisdiction under 28 U.S.C. § 1291. We reverse.
 
 
 3
 Hernandez's complaint alleged that the state officials refused to compensate him for work he performed at the Facility's law library for eight and a half months, although he was assigned to a pay position. He claimed that the failure to pay him amounted to a denial of his rights under the Fourteenth Amendment. The district court adopted the magistrate's findings and recommendations, allowing Hernandez to proceed in forma pauperis, but dismissing the action as frivolous on the ground that Hernandez had no state created right to be compensated for work performed while imprisoned.
 
 
 4
 We review de novo the district court's dismissal of Hernandez's 42 U.S.C. § 1983 action. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). An in forma pauperis claim may be dismissed sua sponte prior to issuance of process if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Arizona, 885 F.2d 639, 640 (9th Cir.1989); 28 U.S.C. § 1915(d). A complaint is frivolous under section 1915(d) only if it lacks an arguable basis in law or fact. Neitzke, 490 U.S. at 325; 109 S.Ct. at 1831; 104 L.Ed.2d at 347. Where a plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988).
 
 
 5
 A section 1983 claim requires the allegation of facts that show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). The Constitution does not impose an obligation upon the states to pay prisoners for their work, but California has decided that prisoners "may receive for [their] work such compensation as the Director of Corrections ... shall determine...." Cal.Penal Code § 2700. The statute does not mandate compensation. Cf. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir.1985) (en banc). However, if the Director determined that Hernandez was entitled to work for pay, and assigned Hernandez to a pay position, then arguably Hernandez had a property right to the wages for the work he performed. See Board of Regents v. Roth, 408 U.S. 564, 577 (1972) ("property interests are ... defined by existing rules or understandings that stem from an independent source such as state law"). If those were the circumstances, the Director could not deprive Hernandez of that property interest without due process. Piatt, 773 F.2d at 1036-37. At this point, we cannot say the claim is frivolous.
 
 
 6
 The district court's judgment is reversed. We remand the case for issuance and service of process. Jackson v. Arizona, 885 F.2d at 64.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3