62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James E. BRYANT, Plaintiff-Appellant,
v.
Robert BORG; C.J. Johnson; V. Valdez; S. Larson; M.F.
Martel; P. Kennedy; and J. Bauer, Defendants-Appellees.
 No. 94-15246.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 1
 Before: ALARCON, FERNANDEZ, and RYMER Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 California state prisoner James E. Bryant appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action against California state prison officials. In his amended complaint, Bryant alleged that the defendants failed to protect him from another prisoner and improperly revoked 360 days of prison credit. The district court dismissed Bryant's claims as barred by the doctrine of res judicata. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part and vacate and remand in part.
 
 
 4
 Bryant alleges that on February 11, 1989, he was moved from B-Facility to C-Facility at Folsom prison and housed with another inmate. Bryant alleges that two days later he had another inmate inform one of the defendants that Bryant could no longer live with his "mentally unstable" cellmate. Bryant further alleges that he requested a cell move and that one of the defendants refused to move Bryant. Bryant alleges that the next day his cellmate made an unprovoked attack on Bryant with a hot pot. Bryant further alleges that he fought back in self-defense. Bryant also alleges that the prison officials violated his right to due process by conducting a disciplinary hearing in violation of California statutes and regulations. Finally, Bryant alleges that he was found guilty, on insufficient evidence, of provoking the fight. As a result of being found guilty of the offense, prison officials assessed Bryant with a loss of 360 days of prison credit.
 
 
 5
 Since the district court's decision in this case, the Supreme Court decided Heck v. Humphrey, 114 S. Ct. 2364 (1994). In Heck, the Court held that a prisoner's 42 U.S.C. Sec. 1983 cause of action for damages attributable to unlawful imprisonment does not accrue until the sentence or fact of imprisonment has been invalidated. Heck, 114 S. Ct. at 2373; accord Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (applying Heck). Thus, in order to recover damages for harm caused by actions the unlawfulness of which would render a sentence invalid, a plaintiff must first prove that the sentence has been invalidated. Heck, 114 S. Ct. 2372; Trimble, 49 F.3d at 585. In Heck, the Court reaffirmed the holding that when a prisoner challenges the fact or duration of his or her confinement, the exclusive federal remedy is a writ of habeas corpus. Heck, 114 S. Ct. at 2369; accord Trimble, 49 F.3d at 586. Furthermore, the Court reaffirmed the holding in Wolff v. McDonnell, 418 U.S. 539, 553 (1984), that prisoners may challenge the procedures used by state prison officials to deprive prisoners of prison credit. Heck, 114 S. Ct. at 2370.
 
 
 6
 Because Bryant's allegations necessarily imply that the defendants unlawfully revoked 360 days of prison credit (making his sentence unlawful) and because Bryant has not shown that the revocation has been invalidated by a state or federal court, his claims have not yet accrued. See Heck, 114 S. Ct. at 2372-73; Trimble, 49 F.3d at 585. Thus, Bryant's claims for damages for the revocation of prison credit must be dismissed. See Heck, 114 S. Ct. at 2372-73; Trimble, 49 F.3d at 585.
 
 
 7
 To the extent that Bryant alleges that the prison officials violated his right to due process by conducting a disciplinary hearing in violation of California statutes and regulations, we conclude that the district court properly found that the doctrine of res judicata barred this claim. A state court judgment on a habeas petition is res judicata in a 42 U.S.C. Sec. 1983 action when state law would give the judgment preclusive effect. Migra v. Warren City School Dist., 465 U.S. 75, 81 (1984); Piatt v. MacDougall, 773 F.2d 1032, 1034-35 (9th Cir. 1985) (en banc). California, as most states, recognizes that the doctrine of res judicata will bar not only claims actually litigated in a prior proceeding, by also claims that could have been litigated. See Busick v. Workmen's Compensation Appeals Bd., 500 P.2d 1386, 1392 (Cal. 1972); see also Branson v. Sun-Diamond Growers, 24 Cal. App. 4th 327, 346 (1994) (setting forth five factors that California courts use in determining whether res judicata applies). A review of the record demonstrates that Bryant raised his due process claim in his habeas petition filed in the California courts. The record further indicates that his petition was denied on the merits and that the California Supreme Court denied review. Therefore, assuming without deciding that Bryant had a cognizable liberty interest in a certain disciplinary process, see Sandin v. Conner, No. 93-1911, 1995 WL 360217, at * 7 (U.S. June 19, 1995); Mujahid v. Meyer, No. 93-15449, slip op. 8049, 8052 (9th Cir. June 26, 1995) (per curiam), we conclude that because Bryant raised this claim in his state habeas petition the doctrine of res judicata precludes Bryant from raising it in his 42 U.S.C. Sec. 1983 action. See Migra, 465 U.S. at 81; Piatt, 773 F.2d at 1034-35.
 
 
 8
 To the extent that Bryant argues that he should be allowed to proceed with his claim that the defendants failed to protect him from another inmate, we conclude that this claim is inextricably intertwined with his claim that his sentence is unconstitutionally long. In order to prevail on his failure-to-protect claim, Bryant would have to negate an element of the offense which resulted in the revocation of the prison credit. Specifically, Bryant would have to show that he was not the aggressor. Therefore, because Bryant's failure-to-protect claim bears a relationship to his sentence and because he has not shown that the sentence has been invalidated, this claim is not yet cognizable. See Heck 114 S. Ct. at 2372; Trimble 49 F.3d at 585.
 
 
 9
 To the extent that Bryant challenges the revocation of the 360 days of prison credit, we conclude that the district court properly determined that his exclusive federal remedy is a writ of habeas corpus. See Heck, 114 S. Ct. at 2369; accord Trimble, 49 F.3d at 586. Because Bryant has already filed a habeas petition in the district court challenging the revocation of his prison credit, we conclude that the district court did not err by not treating Bryant's complaint as a habeas petition. See Trimble, 49 F.3d at 586.
 
 
 10
 Accordingly, with respect to Bryant's due process claim, we affirm the district court's judgment that the doctrine of res judicata bars this claim. With respect to Bryant's failure-to-protect claim and his claim for damages resulting from the alleged improper revocation of prison credit, we vacate the district's judgment and remand with instructions to enter judgment dismissing this action without prejudice so that Bryant may refile his complaint should he succeed in challenging the legality of the revocation of his prison credit. See Trimble, 49 F.3d at 585. Finally, we affirm the district court's decision not to construe Bryant's complaint as a habeas petition. The parties shall bear their own costs.
 
 
 11
 AFFIRMED IN PART and VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3