104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mike HERNANDEZ, Plaintiff-Appellant,
v.
Eddie YLST, Warden, California Medical Facility; Pereira
(Librarian), Defendants-Appellees.
 No. 96-15778.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mike Hernandez, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging that the defendants violated his due process and equal protection rights by failing to pay him for his work as a law clerk in the prison law library. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Id.
 
 
 4
 Hernandez contends that the district court erred by granting summary judgment for the defendants because a genuine issue of material fact exists as to whether he was assigned to a paid position in the prison law library. This contention lacks merit.
 
 
 5
 In California, prisoners may receive compensation for their work. Cal.Penal Code § 2700. The statute, however, does not mandate compensation. See id. Nonetheless, if the Director of Corrections assigns a prisoner to a paid position, then the prisoner may have a property interest in being paid for the work he performed. See Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir.1985) (en banc).
 
 
 6
 Here, in support of their motion for summary judgment, the defendants submitted the declarations of F. Torrisi and V. Pereira, which establish that Hernandez was assigned to Library Science position # 30204, an unpaid position in which inmates can gain academic credit for a high school diploma or equivalency. All of Hernandez's time cards indicate that he was working in position # 30204.
 
 
 7
 In opposition to summary judgment, Hernandez states that Torrisi orally agreed to assign Hernandez to a paid position. The undisputed evidence, however, reflects that Hernandez was assigned to position # 30204, a non-paid position, and remained in that position throughout the eight-month period in question.
 
 
 8
 Because Hernandez has failed to present sufficient evidence to raise a triable issue of material fact as to whether he was actually assigned to a paid position, no genuine issues of material fact remain. Accordingly, the district court did not err by granting summary judgment for the prison officials. See Bagdadi, 84 F.3d at 1197.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3