139 F.3d 903
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
G. Douglas CANTRELL, Plaintiff-Appellant,
v.
Paul TERRY; Stephen D. Finlayson; City of Burns, a
political subdivision of the State of Oregon;
Defendants-Appellees.
 No. 97-35110.
D.C. No. CV-95-06173-ST.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the District of Oregon Helen J. Frye, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 G. Douglas Cantrell appeals the district court's summary judgment for defendants in Cantrell's 42 U.S.C. § 1983 action alleging that defendants unlawfully arrested, detained and prosecuted him for menacing and criminal mischief in the second degree, and unlawfully deprived him of his personal property. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of qualified immunity and summary judgment, see Trevino v. Gates, 99 F.3d 911, 916 (9th Cir.1996), cert. denied, 117 S.Ct. 1249 (1997), and we affirm.
 
 
 3
 A police officer is entitled to qualified immunity if he reasonably believes there is probable cause to make an arrest. See Palmer v. Sanderson, 9 F.3d 1433, 1436 (9th Cir.1993). Probable cause exists when "the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed ... a crime." United States v.. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989). The qualified immunity inquiry focuses on the "facts and circumstances actually known to the officer" at the time of arrest. Mendocino Envtl. Ctr. v. Mendocino County, 14 F.3d 457, 462 (9th Cir.1994).
 
 
 4
 The district court, assuming the facts as alleged by Cantrell, see Gabbert v. Conn, 131 F.3d 793, 799 (9th Cir.1997), did not err when it found that an officer in Terry's position could reasonably believe that Cantrell had committed the crimes of menacing and criminal mischief in the second degree. See Hoyos, 892 F.2d at 1392. Accordingly, the district court properly found Terry was entitled to qualified immunity. See Palmer, 9 F.3d at 1436.[1]
 
 
 5
 Cantrell's contention that city prosecutor Finlayson is liable under § 1983 for the loss of Cantrell's personal property is without merit. Cantrell's appropriate remedy was a state tort claim. See Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir.1985) (en banc).
 
 
 6
 Contrary to Cantrell's contention, the district court did not abuse its discretion by retaining jurisdiction over Cantrell's state claims despite the fact that it concluded Cantrell's federal claims were meritless. See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir.1997) (en banc). For the reasons stated in the Findings and Recommendations of November 1, 1996, the district court properly granted summary judgment on Cantrell's state claims.
 
 
 7
 AFFIRMED.
 
 
 
 **
 Because we unanimously find this case suitable for decision without oral argument, we deny Cantrell's request for oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Cantrell's contention that Terry's reliance on Cantrell's brother's statements is inadmissible hearsay is wholly without merit. See Fed.R.Evid. 801(c); United States v. Kirk, 844 F.2d 660, 663 (9th Cir.1988) (per curiam)