VERIT HOTEL & LEISURE (INTERNATIONAL) LIMITED, an Isle of Man corporation, Appellant,

v.

John CARWAY, an Irish citizen residing in Portugal; Stephen Carway, an Irish citizen residing in Ireland; Ridgevale International Limited, a British Virgin Islands corporation; Touristic Club International Aktiengesellschaft; and Randolph J. Haines, trustee, Appellees.

No. Civ. 98–1853 PHX ROS(JWS).

United States District Court, D. Arizona.

Oct. 15, 1999.

Douglas J. Parry, Parry Anderson & Mansfield, Salt Lake City, UT, for Verit Hotel & Leisure (International) Limited.

Randolph J. Haines, Lewis & Roca LLP, Phoenix, AZ, trustee.

### ORDER FROM CHAMBERS

SEDWICK, District Judge.

### I. INTRODUCTION

This is a bankruptcy appeal. At docket 12, appellant Verit Hotel & Leisure (International) Limited ("Verit Hotel") files its opening brief. Appellee Randolph J. Haines, Trustee ("Haines") files his brief at docket 15. Verit Hotel files its reply brief at docket 18. Oral argument has not been requested and would not assist the court. The appeal is now ripe for a decision.

### II. BACKGROUND

Verit Industries was a Delaware company with its headquarters in Phoenix. Verit Hotel is a Manx corporation with its headquarters and principal place of business located on the Isle of Man. In October 1992, Verit Industries transferred stock it owned in a Liechtenstein corporation to Verit Hotel. Verit Industries filed for Chapter 11 bankruptcy in December 1994. Haines was appointed Chapter 11 Trustee. Haines filed suit against Verit Hotel on February 8, 1996, seeking to avoid the 1992 stock transfer as a fraudulent convey-

ance.[1] Haines also sought to enjoin Verit Hotel from further transferring the shares in question until the complaint was resolved. The bankruptcy court granted Haines a temporary restraining order and scheduled a hearing on a preliminary injunction for February 15, 1996.[2] On February 14, 1996, Haines served a copy of the summons, complaint, application for injunctive relief, and notice of the preliminary injunction hearing on Verit Hotel.[3] Service was in accordance with Manx law.[4] John Carway, an officer with Verit Hotel, responded to notice of the preliminary injunction hearing by faxing a letter back to the bankruptcy court.[5]

The bankruptcy court found that Carway's letter constituted an entry of appearance for himself, individually, and on Verit Hotel's behalf.[6] The bankruptcy court granted Haines a preliminary injunction.[7] The bankruptcy court ordered an answer to be filed within twenty (20) days of the date of service.[8] On March 8, 1996, Haines moved for entry of default judgment after no answer had been filed within the specified twenty days.[9] The bankruptcy court scheduled a hearing for March 18, 1996, to address Haines' motion for entry of default.[10] Michael LaVelle entered an appearance on Verit Hotel's behalf at the hearing on March 18, 1996.[11] Mr. LaVelle

advised the bankruptcy court that Verit Hotel contested personal jurisdiction.[12] The bankruptcy court ruled that Verit Hotel's defense was untimely.[13] The bankruptcy court granted Haines a default judgment.[14] The bankruptcy court ruled that Verit Industries fraudulently conveyed the Liechtenstein corporation's stock to Verit Hotel.[15] The bankruptcy court also awarded Haines full ownership and possession of the Liechtenstein stock in question.[16] The bankruptcy court ordered Verit Hotel to turn the stock over to Haines.[17] Verit Hotel filed a notice of appeal on April 1, 1996.[18] Verit Hotel identified the issues on appeal as concerning whether the bankruptcy court could assert personal jurisdiction over it and whether it had been properly served.[19] However, the appeal was untimely. Verit Hotel therefore withdrew the notice of appeal on May 15, 1996.[20]

Haines was unable to secure enforcement of the bankruptcy court's judgment, although suits seeking relief are still pending in The Isle of Man and Liechtenstein. Haines returned to bankruptcy court in 1998 and requested that the court declare Haines held a constructive trust over the Liechtenstein corporation's stock that was fraudulently conveyed to Verit Hotel in

---

1. CR 1. "CR" refers to the docket numbers from the bankruptcy court's file.

2. CR 3, 4.

3. CR 23, 25.

4. *Id.*

5. *See* CR 74 (letter submitted as unmarked exhibit). The letter is cited or reproduced at several points through the record on appeal. The preceding citation is simply one location in the record on appeal where the letter may be found.

6. CR 12, ¶ 5 at 3.

7. CR 12.

8. CR 13.

9. CR 16.

10. CR 14.

11. CR 18.

12. *Id.*

13. *Id.*

14. CR 18, 20.

15. CR 20 at 2.

16. *Id.*

17. *Id.*

18. CR 31.

19. CR 39 at 2.

20. CR 56.

1992.[21] Verit Hotel opposed Haines' request and moved to have the 1996 default set aside on the grounds that the bankruptcy court lacked personal jurisdiction over it.[22] The bankruptcy court denied Verit Hotel's motion after briefing and oral argument.[23] The bankruptcy court concluded:

> Verit Hotel, through it attorney, did challenge the jurisdiction in open court and by filing an appeal. Defendant [Verit Hotel] dismissed its appeal and therefore the Bankruptcy Court's ruling that there was proper service of process and jurisdiction is final and res judicata.[24]

The bankruptcy court also granted Haines a constructive trust in the shares in question.[25] This appeal followed. Verit Hotel contends that the bankruptcy court erred in not setting aside the default judgment because it never had personal jurisdiction over it. Verit Hotel also argues that the bankruptcy court erred in granting Haines a constructive trust over the Liechtenstein corporation's stock.

### III. STANDARD OF REVIEW

■ A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard.[26] The bankruptcy court's decision will be affirmed unless the appellate court reaches a definite and firm conviction that the bankruptcy court committed clear error.[27] Issues of law are reviewed *de novo*.[28]

### IV. DISCUSSION

#### A. Whether the bankruptcy court erred in concluding that Verit Hotel waived its defense of lack of personal jurisdiction

■ Verit Hotel contends that it was never subject to the bankruptcy court's jurisdiction. Res judicata applies to a court's personal jurisdiction ruling when a party has entered an appearance and contested personal jurisdiction.[29] Res judicata also applies to appeals which are not perfected.[30] Professor Wright instructs:

> Many cases establish the rule that once the time for appeal has run, a final judgment of a trial court or an intermediate appellate court is res judicata without regard to the fact that appeal might have been taken to a higher court. This rule applies equally to failure to take a cross-appeal. It makes no difference that an appeal was attempted but was thwarted by failure to satisfy procedural requirements.[31]

The Ninth Circuit observes these same principles.[32]

■ Here, Verit Hotel entered an appearance and contested personal jurisdiction.[33] The bankruptcy court ruled that

---

21. CR 61.

22. CR 68.

23. CR 90.

24. CR 90 at 4.

25. CR 90, 100.

26. *In re Bubble Up Delaware, Inc.*, 684 F.2d 1259, 1262 (9th Cir.1982).

27. *In re Bubble Up Delaware, Inc., supra*, 684 F.2d at 1262.

28. *In re New England Fish Co.*, 749 F.2d 1277, 1280 (9th Cir.1984).

29. *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1057–58 (9th Cir.1991).

30. *See* 18 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure*, § 4433 at 305–07 (1981 & Supp.1999) ("*Wright*").

31. *Wright, supra*, § 4433 at 305–07.

32. *See, e.g., United States v. Aranson*, 696 F.2d 654, 662–63 (9th Cir.1983) (issue not appealed from district court is res judicata); *Piatt v. MacDougall*, 773 F.2d 1032, 1034–35 (9th Cir.1985) (state judgment entitled to preclusive effect where appeal was precluded on procedural grounds).

33. CR 18.

Verit Hotel's defense was untimely.[34] Verit Hotel appealed.[35] However, the appeal was untimely, and therefore, Verit Hotel voluntarily withdrew its appeal.[36] Under these circumstances, the bankruptcy court's conclusion that it could assert personal jurisdiction over Verit Hotel is entitled to res judicata effect.

### B. *Whether the bankruptcy court erred in granting Haines a Constructive Trust over the Liechenstein Corporation's shares*

■ Imposing a constructive trust on fraudulently conveyed property is a well-known and recognized remedy.[37] Verit Hotel argues that Haines is not entitled to a constructive trust because this relief was not sought in Haines' complaint. Verit Hotel is correct that a default judgment under Rule 54(c) "shall not be different in kind from … that prayed for in the demand for judgment."[38] However, Verit Hotel neglects to consider the bankruptcy court's inherent authority to enter a supplemental judgment enforcing its initial judgment.[39] The bankruptcy court's supplemental judgment did not award Haines a different or additional form of relief. The bankruptcy court's 1996 judgment concluded that the Liechtenstein stock was fraudulently conveyed to Verit Hotel, determined that Haines was the stock's rightful owner, and ordered Verit Hotel to turn the stock over to Haines.[40] Verit Hotel never complied with the bankruptcy court's 1996 judgment. The 1998 declaration that Haines held a constructive trust in the stock did not grant Haines any different or additional relief than that already secured by way of the 1996 judgment.

■ Verit Hotel contends that the bankruptcy court lacked *in rem* jurisdiction over the Liechenstein stock such that its order is without force and effect. This argument lacks merit. A bankruptcy estate includes all of the legal and equitable interests in the debtor's property "wherever located and by whomever held."[41] The district court where the bankruptcy proceeding is filed has exclusive *in rem* jurisdiction over all of the bankruptcy estate's property.[42] As Haines correctly observes, the transfer from Verit Industries to Verit Hotel was rendered void by virtue of its fraudulent nature.[43] Accordingly, the stock never left the bankruptcy estate of Verit Industries. The bankruptcy court was a court of competent jurisdiction empowered to adjudicate all issues pertaining to Verit Industries' bankruptcy estate. A bankruptcy court is entitled to determine all issues concerning property of the bankruptcy estate, even property located outside the United States.[44]

Finally, Verit Hotel argues that the bankruptcy court erred in granting Haines a constructive trust because an action was already pending on the Isle of Man. However, as Haines persuasively argues, the bankruptcy court's supplemental judgment did not order any particular disposition of the property or otherwise interfere with pending proceedings on the Isle of Man.[45]

---

**34.** *Id.*

**35.** CR 31.

**36.** CR 56.

**37.** *See, e.g., In re North American Coin & Currency, Ltd.*, 767 F.2d 1573, 1575 (9th Cir. 1985) (applying Arizona law).

**38.** Fed.R.Civ.P. 54(c).

**39.** *See* Fed.R.Civ.P. 70; Bankruptcy Rule 7070.

**40.** CR 20 at 2.

**41.** 11 U.S.C. § 541(a).

**42.** 28 U.S.C. § 1334(e).

**43.** *See* Haines' Brief, docket 15 at 35.

**44.** *Hong Kong and Shanghai Banking Corp., Ltd. v. Simon*, 153 F.3d 991, 996 (9th Cir. 1998).

**45.** *See* Haines' Brief, docket 15 at 34–35 n. 12.

Instead, the bankruptcy court's supplemental judgment simply declared the legal effect of its prior 1996 judgment. Furthermore, the legal principles Verit Hotel relies upon only apply where another forum has *in rem* jurisdiction before suit is filed in federal court.[46] Here, however, the bankruptcy court never lost *in rem* jurisdiction over the Liechenstein stock in question.

## V. CONCLUSION

The court has considered but finds it unnecessary to address any of the parties' other arguments. For the foregoing reasons, the order of the bankruptcy court is **AFFIRMED.**

---

**46.** *See, e.g., United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1145 (9th Cir.1989) (federal court must yield to state court where state court had *in rem* jurisdiction over res prior to federal court).