**Brian T. HILL, Plaintiff–Appellant,**

v.

**STATE BOARD OF CONTROL; et al., Defendants–Appellees.**

No. 00–15997.
D.C. No. CV–99–6808–AWI(SMS).

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

---

* Because we unanimously find this case suitable for decision without oral argument, we deny Hill's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Brian T. Hill appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to state a claim.

** This disposition is not appropriate for publication and may not be cited to or by the

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's decision to dismiss for failure to state a claim, *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998), and affirm in part and reverse and remand in part.

Because California provides meaningful postdeprivation remedies for tort claims against public officials, *see* Cal. Gov't Code § 900–920 (1995), and because Hill failed to state a claim alleging that a non-random deprivation of his rights occurred, the district court correctly dismissed Hill's property claims. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Merritt v. Mackey,* 827 F.2d 1368, 1372 & n. 3, 1373 n. 4 (9th Cir.1987); *Piatt v. MacDougall,* 773 F.2d 1032, 1037 (9th Cir.1985).

Because neither a prison official's involvement with processing an appeal, *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), nor the failure of an official to process an appeal, *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988), constitute constitutional violations, the district court correctly dismissed Hill's inmate grievance claims.

Because the State Board of Control is an arm of the State of California, the district court correctly dismissed Hill's claim against the Board because he may not pursue civil rights deprivation claims against such entities in federal or state court. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836, 839 (9th Cir.1997).

Because prisoners do not have privacy rights in individual cells, *Hudson,* 468 U.S. at 526, 104 S.Ct. 3194, the district

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

court correctly concluded that Hill failed to state a claim under the Fourth Amendment.

Because "the rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant," *see Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), Hill's amended complaint stated a claim that officer Munoz intentionally and maliciously allowed four inmates to enter Hill's cell and to assault him. We reverse the district court's dismissal of Hill's assault claim and remand for further proceedings on his assault claim.

Each party shall bear its own costs on appeal.

AFFIRMED in part, and REVERSED and REMANDED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.