**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFRED EUGENE SHALLOWHORN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> R. LOPEZ, Correctional Officer; Y. CASTILLO, Correctional officer; H. MOSELEY, Correctional Officer; F. GUZMAN, Warden; R. DIN III, <br><br> Defendants - Appellees. | No. 24-2484 <br><br> D.C. No. 3:23-cv-01273-AGS-KSC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Andrew George Schopler, District Judge, Presiding

Submitted May 26, 2026**

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

California state prisoner Alfred Eugene Shallowhorn appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

process and other claims arising from disciplinary action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Shallowhorn's procedural due process claim concerning his disciplinary hearing because Shallowhorn failed to allege facts sufficient to show that he was deprived of a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (explaining that a prisoner has no protected liberty interest unless the sanction imposed extends the length of his sentence or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court properly dismissed Shallowhorn's substantive due process claim because Shallowhorn failed to allege facts sufficient to show that the alleged misapplication of regulations concerning the work program deprived him of a protected liberty or property interest. *See Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (noting that to establish a substantive due process claim, a plaintiff "must show both a deprivation of [] liberty and conscience shocking behavior by the government").

The district court properly dismissed Shallowhorn's Eighth Amendment claim because Shallowhorn failed to allege facts sufficient to show that he suffered a deprivation that was sufficiently serious or that any defendant acted with deliberate indifference to a substantial risk of serious harm to Shallowhorn. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (setting forth elements of an Eighth Amendment claim).

The district court properly dismissed Shallowhorn's equal protection claim because Shallowhorn failed to allege facts sufficient to show that he was treated differently because of a protected class or that he was treated differently from others similarly situated with no rational basis. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (setting forth elements of "class of one" claim); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (explaining that an equal protection claim requires a plaintiff to "show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class" (citation and internal quotation marks omitted)).

Dismissal of Shallowhorn's Thirteenth Amendment claim was proper because the amendment does not apply to work requirements for convicted inmates. *See Piatt v. MacDougall*, 773 F.2d 1032, 1035 (9th Cir. 1985) (en banc) ("The Thirteenth Amendment does not prohibit involuntary servitude as part of imprisonment for a crime.").

Dismissal of Shallowhorn's First Amendment retaliation claim regarding the 2022 disciplinary proceedings was proper because Shallowhorn failed to allege facts sufficient to show that the disciplinary action did not advance legitimate correctional goals. *See Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." (citation omitted)).

Shallowhorn's motion (included within Docket Entry No. 11) for reconsideration regarding appointment of counsel is denied.

**AFFIRMED.**