Bill HONEY, Plaintiff–Appellant,

v.

John DISTELRATH, Chief of Police; West Covina Police Department; James E. Starbird, City Manager; City of West Covina, a municipal corp., Defendants–Appellees.

No. 98–55219.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1999.

Decided Nov. 9, 1999.

Larry J. Roberts, Ventura, California, James Michael Dorn, Chino, California, for the plaintiff-appellant.

Jeffrey Wertheimer, Rutan & Tucker, Costa Mesa, California, for the defendants-appellees.

Before: FLETCHER, D.W. NELSON, and BRUNETTI, Circuit Judges.

B. FLETCHER, Circuit Judge:

Bill Honey appeals the Fed. R. Civ. Pro. 12(c) dismissal of his 42 U.S.C. § 1983 action alleging that he was denied procedural due process when he was fired from his position as a prison guard. The district court granted appellees' motion for judgment on the pleadings, holding that Honey received adequate due process in an earlier state court mandamus proceeding, and that his suit was therefore barred by *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds* by *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.

*Factual Background and Procedural History*

On January 4, 1996, the City of West Covina notified Appellant Bill Honey that it proposed to terminate his employment as a jailer in the West Covina Police Department because of accusations that he used excessive force and mistreated women and minority prisoners. During the hearing for the proposed termination, Honey and his counsel requested to view all documents upon which the City based its decision to terminate his employment. Appellee Distelrath, who was Chief of Police, refused this request, and Honey was terminated without ever seeing this documentation. Following the hearing, appellee City Manager James E. Starbird issued an order terminating Honey's employment. The parties do not dispute that Honey was denied procedural due process in his termination. The key question in this case is whether the post-deprivation remedies that Honey received should bar this § 1983 suit.

Honey challenged his termination by filing for a writ of mandate from the California Superior Court in Los Angeles, alleging that his termination violated his right to procedural due process under the United States and California Constitutions. On June 19, 1996, the Superior Court granted the writ of mandate, and ordered Honey reinstated with back pay and full benefits.

Honey next challenged his termination by filing a government claim with the City of West Covina on July 12, claiming $10,000.00 in out of pocket expenses and requesting $1,000,000.00 in punitive damages. The City Counsel denied his claim on September 4, 1996.

On February 28, 1997, Honey filed this § 1983 action in the Los Angeles Superior Court. The appellees removed the action to federal district court, and sought judgment on the pleadings under Fed.R.Civ.P. 12(c), arguing that Honey's successful state mandamus action satisfies the requirement for procedural due process and precludes a § 1983 action under *Parratt v. Taylor*. In December 1997, the district court granted appellees' motion for judgment on the pleadings, but granted Honey 10 days leave to amend the pleadings on his Fair Labor Standards Act claim. After Honey did not file amended pleadings, the district court entered a final judgment for appellees. We reverse.

## DISCUSSION

▇▇▇ Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Nelson v. City of Irvine*, 143 F.3d 1196,

1200 (9th Cir.1998). This court reviews de novo a district court's judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). *Id.*

### Claim Preclusion

■ Because the state proceeding was a mandamus action, the ordinary claim preclusion rules that bar parties from relitigating claims already decided by courts on the merits do not apply here. Under the rule in *Migra v. Warren City School Dist.,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), a petitioner's state court judgment has the same claim preclusive effect in federal court that the judgment would have in the state courts. The rule in California state courts was set out in *Mata v. City of Los Angeles,* 20 Cal. App.4th 141, 149, 24 Cal.Rptr.2d 314 (1993), in which the California supreme court held that a mandamus action is a "special proceeding" and does not bar a subsequent § 1983 action. Therefore, claim preclusion does not bar Honey's § 1983 action.

### The Parratt rule

The parties' fundamental disagreement rests on whether *Parratt v. Taylor* bars Honey's § 1983 suit. We hold that it does not.

In *Parratt,* the petitioner was a prisoner who had ordered hobby materials through the mail. As a result of the "random and unauthorized" negligence of the prison officials, the hobby materials were lost. Parratt brought a § 1983 action alleging that the prison officials had deprived him of property without due process of law. The Court held that where post-deprivation state tort remedies that would satisfy the Due Process Clause are available, relief under § 1983 is barred. *Parratt,* 451 U.S. at 544, 101 S.Ct. 1908. *See also Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (extending the *Parratt* rule to intentional acts of state officials).

In *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), the Supreme Court created an exception to the *Parratt* doctrine to allow a former mental patient to file a § 1983 action against a mental hospital. In that case, the former patient alleged that the hospital administrators deprived him of liberty without due process of law by admitting him as a "voluntary" patient when they should have known he was incompetent to give consent. State law prohibited involuntary admission without due process, but did not provide for procedures to ensure that voluntary admissions were truly made voluntarily by competent individuals.

The Supreme Court held that *Zinermon* was not controlled by *Parratt* for three reasons: (1) the deprivation of liberty was predictable; (2) the creation of a pre-deprivation process was not impossible; and (3) the deprivation was the result of an official's "abuse of his position" and therefore was not "random and unauthorized." *Id.* at 136–138, 110 S.Ct. 975.

In *Armendariz v. Penman,* the Ninth Circuit applied the *Zinermon* exception where the city attorney, mayor, planning directors and other officials designed and implemented allegedly illegal sweeps of low-income housing units. *Armendariz,* 31 F.3d 860 (9th Cir.1994), *rev'd in part on other grounds* by *Armendariz v. Penman,* 75 F.3d 1311 (9th Cir.1996) (en banc). The *Armendariz* court held that even illegal acts could be considered "authorized" where the defendants were "those persons who are assigned the duty of interpreting and enforcing the housing and fire codes." *Id.* at 866. Thus, "[i]f plaintiff's allegations are true, it would have been reasonably foreseeable that the deprivation would occur since it was the intent of the defendants for it to occur." *Id.*

■ In the case at hand, the district court did not address whether the *Zinermon* exception applies. Appellees contend that it does not apply because the deprivation resulted from actions that were in violation of established law. Thus, the

**534**

conduct was random and unauthorized, and a predeprivation remedy would have been impossible. They argue that the post-deprivation remedy that Honey received through the state mandate proceeding afforded him all the process that was due.

However, as the *Armendariz* and *Zinermon* courts acknowledged, even acts in violation of established law may be considered "authorized." We hold that the acts at issue in this case were not random and unauthorized because the defendants in this case had the authority to effect the very deprivation complained of, and the duty to afford Honey procedural due process. Appellees Distelrath, the Chief of Police, and Starbird, the City Manager, were in positions with substantial discretionary powers. They were responsible for the procedurally deficient termination hearings, and thus the deprivation was foreseeable because it was their intent for it to occur. *See Armendariz*, 31 F.3d at 866. Thus, we find that this case fits squarely within the *Zinermon/Armendariz* exception to the *Parratt* rule.

Additionally, this circuit does not apply *Parratt* where a deprivation occurs because officials are acting according to established procedures—even if those established procedures violate other state or federal laws. *Piatt v. Mac Dougall*, 773 F.2d 1032 (9th Cir.1985); *see also Haygood v. Younger*, 769 F.2d 1350, 1357 (9th Cir.1985) *cert. denied* 478 U.S. 1020, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986) (deprivation that is product of "institutionalized practice" is "neither random nor unauthorized," and thus *Parratt* does not apply) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)).

In *Piatt*, a prisoner filed a § 1983 action alleging that he had not been paid for work that he had done while in prison. Arizona law entitled inmates to compensation for work, but as a matter of policy, prison officials refused to pay inmates. *Piatt*, 773 F.2d at 1035. The *Piatt* court

held that the *Parratt* doctrine does not apply to bar § 1983 suits based on "deliberate, considered, planned, or prescribed conduct by state officials, whether or not such conduct is authorized." *Id.* at 1036.

The superior court that granted Honey's writ of mandate found that when the appellees violated Honey's due process right they were "acting in accordance with the policies, practices and customs of Respondents' West Covina Police Department and the City of West Covina." In his complaint, Honey alleged that the appellees "have intentionally engaged in a pattern of violation of the constitutional and civil rights of city employees" including due process violations. Honey further demonstrates the deliberateness of appellees' actions by showing that appellees refused his specific requests to review all the materials relied upon in his termination.

Taken together, these allegations and findings demonstrate that the appellees may have acted in a "deliberate, considered, planned" manner that falls outside *Parratt.* Therefore, the district court erred when it entered judgment for appellees on the pleadings.

## CONCLUSION

We REVERSE the district court and REMAND for further proceedings on appellant's § 1983 claim.