**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Margaret ALCORN; G.D. Massey,**
**Defendants–Appellants.**

**Robert J. Harrison, Defendant,**

**Robert Korfhage; Matt Craddock,**
**Counter-defendants.**

No. 00–35843.

D.C. No. CV–00–06132–MRH.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

Before O'SCANNLAIN, SILVERMAN,
and GOULD, Circuit Judges.

MEMORANDUM **

Margaret Alcorn and G.D. Massey appeal pro se the district court's entry of judgment on the pleadings under Fed. R.Civ.P. 12(c) in favor of the government, the district court's correction of the judgment under Fed.R.Civ.P. 60(a), and the district court's permanent injunction against Alcorn and Massey in the United States' action against Alcorn and Massey for cutting and removing timber from public lands. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo judgments on the pleadings pursuant to Fed.R.Civ.P. 12(c). *Honey v. Distelrath,* 195 F.3d 531, 533 (9th Cir.1999), *cert. denied,* 529 U.S. 1054, 120 S.Ct. 1557, 146 L.Ed.2d 462 (2000). We review for abuse of discretion the grant of a motion to correct judgment pursuant to Fed.R.Civ.P. 60(a), *Robi v. Five Platters, Inc.,* 918 F.2d 1439, 1445 (9th Cir.1990), and permanent injunctions. *Rolex Watch, U.S.A., Inc. v. Michel Co.,* 179 F.3d 704, 708 (9th Cir. 1999). We affirm.

Because Alcorn and Massey did not allege that they had permission to cut and remove timber from public lands, the district court did not err in granting the United States judgment on the pleadings. *See* 43 C.F.R. § 5511.3–2.

Because the corrected judgment reflected the actual intention and necessary implications of the district court's decision, the district court did not abuse its discretion in granting the motion to correct the judgment pursuant to Fed.R.Civ.P. 60(a). *See Robi,* 918 F.2d at 1445.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Because the district court's conclusion is not based on clearly erroneous factual findings and does not rely on erroneous legal conclusions, the district court did not abuse its discretion in granting to the United States a permanent injunction against Alcorn and Massey. *See Multnomah Legal Servs. Workers Union v. Legal Servs. Corp.*, 936 F.2d 1547, 1552 (9th Cir. 1991).

Alcorn and Massey's contentions regarding the unconstitutionality of the regulations are raised for the first time on appeal. Because Alcorn and Massey have not made a showing of exceptional circumstances, we will not consider these arguments. *See El Paso City of Tex. v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir.2000).

AFFIRMED.