TOM TRADING, INC., Plaintiff–Appellant,

v.

BETTER BLUE, INC., a California corporation; Michael Caruso; Brian Kail; Gene Montesano, Defendants–Appellees,

v.

Michael Caruso & Company, Inc., a California corporation, Defendant–third–party–plaintiff–Appellee,

v.

Casel Enterprises, Inc., a corporation of the Republic of Panama, Third-party-defendant.

No. 00–56793.

D.C. No. CV–96–06993–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Jan. 18, 2002.

Before SCHROEDER, Chief Judge,
TROTT, and RAWLINSON, Circuit
Judges.

## MEMORANDUM *

Tom Trading, Incorporated ("Tom Trading") appeals the district court's grant of summary judgment and judgment on the pleadings in favor of Appellees. Tom Trading failed to raise a material question of fact regarding its breach of contract claim. The defendants are entitled to judgment as a matter of law on the balance of Tom Trading's claims. Accordingly, we AFFIRM.

We review the district court's grant of summary judgment *de novo. Botosan v. Paul McNally Realty,* 216 F.3d 827, 830 (9th Cir.2000). We must determine whether the evidence, when viewed in a light most favorable to the nonmoving party, raises any genuine issues of material fact. *Regula v. Delta Family–Care Disability Survivorship Plan,* 266 F.3d 1130, 1138 (9th Cir.2001). Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Honey v. Distelrath,* 195 F.3d 531, 532–33 (9th Cir.1999).

Moises Yohros ("Moises"), owner of Casel Enterprises, Inc. ("Casel"), entered into a ten-year exclusive Distribution Agreement with Bongo Jeans ("Bongo"). Michael Caruso signed the Distribution Agreement on behalf of Bongo, and Moises signed the Distribution Agreement on behalf of Casel.

Although Richard Yohros ("Richard"), Moises Yohros' son, was Casel's president, a principal shareholder, and officer of Tom Trading, Casel was the named party in the Distribution Agreement. Tom Trading had no agreement or contract with Casel, and no purchases were made in the name of Tom Trading or in Richard's name.

Moises and Richard began experiencing family problems, and on or about September 22 or 23, 1995, Moises instructed Kail, Bongo's president, to no longer deal with Richard. Bongo continued to deal with Casel under the Distribution Agreement.

## SUMMARY JUDGMENT

▊ To successfully prove a breach of contract claim, Tom Trading has the burden of establishing the following elements: (1) existence of the contract, (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant, and (4) damages. *First Commercial Mortgage Co. v. Reece,* 89 Cal.App.4th 731, 745, 108 Cal.Rptr.2d 23 (2001). A "contract made by an agent for an undisclosed principal is for most purposes the contract of the principal and it may sue .. thereon." *Ikerd v. Warren T. Merrill & Sons,* 9 Cal.App.4th 1833, 1839 n. 6, 12 Cal.Rptr.2d 398 (1992).

▊ Tom Trading fails to meet the third element for breach of contract, which requires a breach by Bongo. Under the Agreement, Bongo had a duty to perform its promise to use Casel as its exclusive distributor for Latin America. Tom Trading contends that Bongo "terminated" the Distribution Agreement. However, Bongo and Casel continued performing under the Agreement. Even accepting Tom Trading's theory that Casel was acting as Tom Trading's agent, Casel continued to perform the Distribution Agreement in accordance with its terms. Casel's performance as an agent cannot support a breach of contract claim against Bongo.

## JUDGMENT ON THE PLEADINGS

▊ A typical distribution agreement "negotiated at arm's length" does not create a "fiduciary relationship" between the product's owner and a distributor. *Recorded Picture Co. v. Nelson Entm't, Inc.,*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

53 Cal.App.4th 350, 370, 61 Cal.Rptr.2d 742 (1997). There is nothing atypical about the Distribution Agreement between Bongo and Casel. No fiduciary relationship was created, because at no time did Bongo, or Casel, separately or as Tom Trading's agent, repose trust or confidence in each other to the point where one of the parties "obtain[ed] control over the other person's affairs." *Id.* The district court properly granted judgment on the pleadings as to this claim.

 Under California law, the elements of fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lovejoy v. AT & T Corp.*, 92 Cal.App.4th 85, 93, 111 Cal.Rptr.2d 711 (2001) (citations omitted). Tom Trading does not allege that Bongo's representations concerning the Distribution Agreement were false at the time they were made. Rather, Tom Trading alleges that Bongo knew all along that it intended to breach the Agreement. Intent to breach, however, is not the same as knowing misrepresentation. An allegation of fraud requires a knowing misrepresentation, but the intent to breach an agreement at some point in the future, no matter how resolute, cannot rise to the level of a misrepresentation until the breach actually takes place. The lack of a knowing misrepresentation at the time of the Distribution Agreement's formation dooms Tom Trading's fraud claim, entitling Bongo to judgment as a matter of law.

Tom Trading's claim under California Business & Professions Code § 17200 meets a similar fate. In order to state a § 17200 claim, Tom Trading must allege an "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. C. § 17200. We have concluded above that appellees' alleged conduct was neither unlawful nor fraudulent. We also conclude that there was nothing "unfair" in appellees' alleged conduct. Bongo simply ceased doing business with Tom Trading at the behest of Moises, the owner of Casel, the named party in the Distribution Agreement. At bottom, Tom Trading's dispute with Bongo is actually an interfamilial squabble between Richard and Moises Yohros. We see nothing "unfair" in appellees' alleged conduct in these circumstances. The district court properly granted appellees' motion for judgment on the pleading on the claim.

## CONCLUSION

Tom Trading failed to raise a genuine issue of material fact regarding its breach of contract claim, and defendants were entitled to judgment as a matter of law on Tom Trading's remaining claims.

AFFIRMED.