Khathamek **SENGCHANTHALANGSY**, Plaintiff,

v.

**ACCELERATED RECOVERY SPECIALISTS, INC.;** Collins Financial Services, Inc.; Larry Vasbinder, et al. Defendants.

No. 06 CV 1124 JAH BLM.

United States District Court, S.D. California.

Feb. 14, 2007.

Tomio B. Narita, Wineberg, Simmonds & Narita, LLP, San Francisco, CA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

HOUSTON, District Judge.

Now before this Court is Defendants Collins Financial Services, Inc. and Larry Vasbinder's ("CFS") motion for judgment on the pleadings. Doc. No. 13. Plaintiff Khathamek Sengchanthalangsy ("Plaintiff") and Defendants fully briefed the issues. Oral arguments were heard on February 1, 2007, with appearances by Steven Wickman for Plaintiff, and Tomio Narita for Defendants. This Court, after hearing the oral argument of counsel, took the matters under submission. After a thorough consideration of the pleadings, files and records in this case, as well as the oral argument of counsel, this Court hereby GRANTS Defendants CFS' motion for judgment on the pleadings, and dismisses Defendants Vasbinder and Collins Financial Services without prejudice from this lawsuit.

## BACKGROUND

### I. Factual Background[1]

Plaintiff Sengchanthalangsy was first contacted by "Ace Recovery Service" in 2001 claiming that Plaintiff owed a balance as a co-signer on a Household finance account. Doc. No. 4 at ¶ 16. Although Plaintiff did not think he had an outstanding balance, he gave a check-by-phone authorization. *Id.* After Plaintiff discovered that the debt was not his, he cancelled the disbursement of the payment. *Id.*

Plaintiff began receiving letters from co-Defendant Accelerated Recovery Specialists, Inc. ("ARS") in February 2001, and received two additional letters in April and July 2001. Doc. No. 4 at ¶ 16. Plaintiff did not receive another letter until October

3, 2005 from ARS asking for payment of $9,110.15. *Id.* at ¶ 17. On November 7, 2005, co-Defendant Specialist filed a complaint for breach of contract and fraud against Plaintiff in state court. *Id.* at ¶ 18.

On January 6, 2006, Plaintiff's counsel sent a letter to co-Defendants Miller and Specialist demanding that the suit be dropped. Doc. No. 4 at ¶ 19. On January 27, 2006, Defendants Miller and Specialist sent a letter to counsel, including an "Affidavit of Correctness," signed by Defendants Vasbinder and Collins Financial Services, which verified that Plaintiff was a proper debtor on the account. *Id.* at ¶ 20. Defendants Miller and Specialist dismissed the state court action on March 3, 2006. *Id.* at ¶ 23.

### II. Procedural Background

Plaintiff filed the instant class action suit on May 23, 2006, alleging causes of action under the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), fraud, malicious prosecution, negligence and California Unfair Business Practices Act under Cal. Bus. & Prof.Code § 17200. Plaintiff filed a first amended complaint on October 17, 2006. Doc. No. 4. Defendants CFS answered the complaint on December 27, 2006. Doc. No. 12.

On December 27, 2006, Defendants CFS filed a motion for judgment on the pleadings. Doc. No. 13. Plaintiff filed an opposition on January 18, 2007. Doc. No. 20. CFS filed a reply on January 25, 2007. Doc. No. 22.

## DISCUSSION

### I. Legal Standard

#### A. Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), a party may move for judg-

---

1. Facts are taken from Plaintiff's first amended complaint.

ment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Judgment on the pleadings is proper only when there is no unresolved issue of fact and no question remains that the moving party is entitled to a judgment as a matter of law. *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir.2002); *Honey v. Distelrath*, 195 F.3d 531, 532–33 (9th Cir.1999). The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1989). Thus, the allegations of the non-moving party are accepted as true, and all inferences reasonably drawn from those facts must be construed in favor of the responding party. *Id.* If matters outside of the pleadings are presented to and not excluded by the court, a motion for judgment on the pleadings shall be treated as one for summary judgment pursuant to Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *Id.*

■ Judgment on the pleadings is not appropriate where the complaint alleges facts which, if proved, would permit recovery. *See General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989). Conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir.1996).

### B. *California Litigation Privilege*

■ The California litigation privilege, codified in California Civil Code § 47, defines a "privileged publication" in relevant part as:

(b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4)

in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure . . .

Cal. Civ.Code § 47(b) (West 2005). The courts have formulated a general rule, finding the litigation privilege:

[A]pplies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.

*Silberg v. Anderson*, 50 Cal.3d 205, 212, 266 Cal.Rptr. 638, 786 P.2d 365 (1990). The California Supreme Court in *Albertson v. Raboff*, 46 Cal.2d 375, 295 P.2d 405 (1956), explained the purpose of this litigation privilege as "afford[ing] litigants the utmost freedom of access to the courts to secure and defend their rights without fear of being harassed by actions for defamation." *Id.* at 380, 295 P.2d 405. With this public interest in mind, the courts have broadly defined this litigation privilege to cover:

[A]ny publication . . . that is required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is invoked. . . . Thus, it is not limited to the pleadings, the oral or written evidence, to publications in open court or in briefs or affidavits. *If the publication has a reasonable relation to the action and is permitted by law, the absolute privilege attaches.*

*Id.* at 380–81, 295 P.2d 405 (emphasis added); *see also Blanchard v. DIRECTV, Inc.*, 123 Cal.App.4th 903, 919, 20 Cal. Rptr.3d 385 (2004).

■ "It is the subject matter or context of the misstatement, not the isolated misstatement itself, which must control whether a communication has 'some connection or logical relation to the action.'" *Sacramento Brewing Co. v. Desmond, Miller & Desmond,* 75 Cal.App.4th 1082, 1089–90, 89 Cal.Rptr.2d 760 (1999), quoting *Silberg v. Anderson,* 50 Cal.3d 205, 212, 266 Cal.Rptr. 638, 786 P.2d 365 (1990). If the litigation privilege applies, then the protection provided is absolute, even when a statement is made with malice. *Kashian v. Harriman,* 98 Cal.App.4th 892, 903, 120 Cal.Rptr.2d 576 (2002). "If there is no dispute as to the operative facts, the applicability of the litigation privilege is a question of law. Any doubt about whether the privilege applies is resolved in favor of applying it." *Id.* at 912–13, 120 Cal. Rptr.2d 576.

■ Although reviewing courts have interpreted the scope of the litigation privilege broadly, the privilege does not apply in all situations. For example, courts have found that the litigation privilege does not apply where false statements made were not logically related or connected to the underlying suit. *See Nguyen v. Proton Technology Corp.,* 69 Cal.App.4th 140, 151, 81 Cal.Rptr.2d 392 (1999); *see also Li-Mandri v. Judkins,* 52 Cal.App.4th 326, 346, 60 Cal.Rptr.2d 539 (1997); *Shahvar v. Superior Court,* 25 Cal.App.4th 653, 657, 30 Cal.Rptr.2d 597 (1994). The privilege was also not found where application of the privilege did not promote truthfulness in a witnesses' testimony. *Mattco Forge, Inc. v. Arthur Young & Co.,* 5 Cal.App.4th 392, 404, 6 Cal.Rptr.2d 781 (1992). "The question of whether the litigation privilege should, or should not, apply to particular communications has always depended upon a balancing of the public interests served by the privilege against the important private interests which it sacrifices." *Rothman v. Jackson,* 49 Cal.App.4th 1134, 1146–47, 57 Cal.Rptr.2d 284 (1996). When applying the litigation privilege to specific situations, therefore, courts must keep in mind the general purpose of the litigation privilege, and whether applying the privilege will further the public interest of encouraging truthfulness in testimony.

## II. Analysis

CFS moves this Court to dismiss Plaintiff's Eleventh, Thirteenth and Fourteenth claims against Defendants CFS only, for common law fraud and negligence, and under Cal. Bus. & Prof.Code §§ 17200 et seq., as barred under the litigation privilege. Doc. No. 14 at 1. CFS asserts that the statements made as part of the "Affidavit of Correctness" fit squarely within the litigation privilege because the document was an affidavit provided in conjunction with the earlier state court collection action. In response, Plaintiff claims that the "Affidavit of Correctness" is not protected by the litigation privilege because: 1) Defendants CFS were not parties to the state court action; and 2) no evidence was presented that Defendants CFS prepared the Affidavit for litigation purposes, or that it might be used in litigation. Doc. No. 22 at 4.

### A. *Litigation Purpose*

Plaintiff contends that the Affidavit was not prepared or contemplated for litigation purposes, and therefore the communication is not protected under the litigation privilege. Doc. No. 20 at 5. In response, Defendants point out that the Affidavit was connected to the litigation because it was created and attached to the settlement letter. Doc. No. 22 at 1.

■ Whether a communication falls under the litigation privilege is dependent upon whether the publication is logically related or connected to the underlying litigation. *Silberg,* 50 Cal.3d at 212, 266 Cal. Rptr. 638, 786 P.2d 365. The court in

*Rothman* explained the logical relation test as such:

> [T]he "connection or logical relation" which a communication must bear to litigation in order for the privilege to apply, is a *functional* connection. That is to say, the *communicative* act ... must function as a necessary or useful step in the litigation process and must serve its purposes. This is a very different thing from saying that the communication's *content* need only be related in some way to the subject matter of the litigation.

49 Cal.App.4th at 1146, 57 Cal.Rptr.2d 284 (emphasis in original). Defendants here contend that the Affidavit was logically related because it was a necessary part of the settlement negotiations, and provided in direct response to Plaintiff's request for verification of the debt after the initiation of the lawsuit. Doc. No. 13 at 2. Plaintiff does not disagree with this statement in his pleading. Plaintiff acknowledges that "[d]ebt collectors use media and Affidavits for many other purposes, including to refute debtors who deny owing debts." Doc. No. 20 at 2. Plaintiff argues, instead, that Defendant Vasbinder' statements in the Affidavit that he had "personal familiarity" with the information, was a "purposeful factual misrepresentation under penalty of perjury made for the direct financial gain of CFSI and VASBINDER." *Id.* at 3. Even if Defendant Vasbinders' statements were fraudulent, Plaintiff's argument would not be persuasive. California law allows the application of the litigation privilege even when a statement is made with malice. *Kashian,* 98 Cal.App.4th at 903, 120 Cal.Rptr.2d 576. As explained in *Blanchard,* although a reviewing court looks to whether a party makes a communication in good faith, such a standard is separate from whether malice is intended:

> [A] statement is protected by the litigation privilege ... when the statement is made in connection with a proposed litigation that is "contemplated in good faith and under serious consideration." The good faith, serious consideration of litigation test is not ... a test for malice .... Rather, it is "addressed to the requirement the statements 'have some connection or logical relation to the action.'" Thus, if the statement is made with a good faith belief in a legally viable claim and in serious contemplation of litigation, then the statement is sufficiently connected to litigation and will be protected by the litigation privilege. If it applies, the privilege is absolute.

123 Cal.App.4th at 919, 20 Cal.Rptr.3d 385. Plaintiff's arguments, therefore, that the statements were false and made with malice is of no consequence if the absolute litigation privilege applies.

 Plaintiff additionally argues that the statements were not made in connection or for use in a judicial proceeding. The California courts have long extended statements beyond actual judicial proceedings to include prelitigation, such as demand letters, as well as out-of-court statements. *Blanchard,* 123 Cal.App.4th at 919, 20 Cal.Rptr.3d 385; *Knoell v. Petrovich,* 76 Cal.App.4th 164, 169, 90 Cal. Rptr.2d 162 (1999). In particular, statements made during settlement negotiations are absolutely protected by the litigation privilege. *Navarro v. IHOP Properties, Inc.,* 134 Cal.App.4th 834, 844, 36 Cal.Rptr.3d 385 (2005) (barring cause of action for fraud when contested statements made in settlement talks).

Plaintiff's additional contention during oral argument that Defendants CFS may have created the Affidavit for purposes outside of the litigation goes against the undisputed facts here. Plaintiff stated in his complaint that the Affidavit was submitted in direct response to Plaintiff's demand letter to verify that Plaintiff "is a proper debtor on the account which is the

subject of the state court action." Doc. No. 4 at ¶ 20. As discussed, on a motion for judgment on the pleadings, the Court is limited to the factual contentions in the complaint. In the absence of specific factual contentions, therefore, Plaintiff's argument is unpersuasive.

▇▇ Because the Affidavit here was submitted after the lawsuit was initiated, in direct response to Plaintiff's request for proof of the debt, and as support for an offer of settlement, the Court finds that this communication falls squarely within the litigation privilege. Defendants CFS' communication, therefore, is protected by the litigation privilege under Cal. Civ.Code § 47(b).

### B. *Parties to State Court Action*

Plaintiff contends that because Defendants CFS were not parties to the prior state court action, they cannot avail themselves of the litigation privilege. Doc. No. 22 at 5. Relying on *Wise v. Thrifty Payless, Inc.*, 83 Cal.App.4th 1296, 100 Cal. Rptr.2d 437 (2000), Plaintiff asserts that " '[n]onparticipants and nonlitigants to judicial proceedings are never protected from liability under section 47(b).' " Doc. No. 22 at 5, quoting *Wise*, 83 Cal.App.4th at 1304, 100 Cal.Rptr.2d 437. In response, Defendants contend that non-litigants can avail themselves of the litigation proceedings, and that *Wise* is inapposite to the facts at hand. Doc. No. 22 at 3.

In *Wise*, plaintiff filed an action against a drugstore, alleging that it wrongfully disclosed to her estranged husband private and confidential information that her husband then used against her in a dissolution action. 83 Cal.App.4th 1296, 100 Cal. Rptr.2d 437. The drugstore, a non-party in the prior action, sought dismissal of the complaint under the litigation privilege. The court denied the motion, noting that the drugstore's "own tortious conduct" was not done in contemplation of litigation. *Id.*

at 1304, 100 Cal.Rptr.2d 437. Upon relying upon the "policy of ensuring free access to the courts, encouraging zealous advocacy, and giving finality to judgments is not served by immunizing nonparticipants and nonlitigants whose wrongful conduct is unrelated to the judicial process," the court found that the drugstore could not avail itself of the litigation privilege. *Id.* at 1306, 100 Cal.Rptr.2d 437.

▇▇ The facts in *Wise* are inapposite to the instant matter. Although *Wise* did explicitly state that "[n]onparticipants and nonlitigants to judicial proceedings are never protected from liability under section 47(b)," 83 Cal.App.4th at 1304, 100 Cal.Rptr.2d 437, by definition Defendants CFS here are "participants" in the prior lawsuit because the communication at issue was used as supporting evidence. In addition, unlike in *Wise* where the communication was found not to be related to the judicial process, the Affidavit here was submitted as support for the underlying litigation. Accordingly, because Defendants CFS were participants in the underlying litigation, and the Affidavit is "related to the judicial process," *Wise* does not apply.

### CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion for judgment on the pleadings of Plaintiffs' Eleventh, Thirteenth and Fourteenth causes of action against Defendants Larry Vasbinder and Collins Financial Services, Inc. is **GRANTED**. Defendants Larry Vasbinder and Collins Financial Services, Inc. are hereby **DISMISSED without prejudice.**