FILED

NOT FOR PUBLICATION

JAN 03 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD AZPITARTE,

Plaintiff - Appellant,

v.

KING COUNTY; et al.,

Defendants - Appellees.

No. 11-35739

D.C. No. 2:10-cv-01186-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Richard Azpitarte appeals pro se from district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging violations under the Fourteenth Amendment

and Washington state tort law as barred by the doctrine of claim preclusion and for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's judgment on the pleadings under Fed. R. Civ. P. 12(c), *Honey v. Distelrath*, 195 F.3d 531, 533 (9th Cir. 1999), and we affirm in part, reverse in part, and remand.

The district court properly dismissed Azpitarte's claims arising prior to March 3, 2009 as barred by claim preclusion because Azpitarte's current case arises out of the same transactional nucleus of facts as his prior federal action, which was adjudicated on the merits. *See Mpoyo v. Litton Electro-Optical*, 430 F.3d 985, 986-87 (9th Cir. 2005) (stating the requirements for application of claim preclusion); *United States v. $149,345 U.S. Currency*, 747 F.2d 1278, 1280 (9th Cir. 1984) (a sanction dismissal "is a judgment on the merits within the meaning of Fed. R. Civ. P. 41(b), and operates as res judicata to bar a second suit").

However, dismissal of Azpitarte's § 1983 claim alleging ongoing "harassment by helicopter" after March 3, 2009 was improper at this stage in the proceedings because Azpitarte has sufficiently plead a violation of the Fourteenth Amendment. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (substantive due process violations require a deprivation of "life, liberty, or property," in such a way that "'shocks the conscience'" (citation omitted)).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

11-35739