**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYNTHIA LOUISE BROWN, | No. 11-55897 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03928-VBF-JEM |
| v. | |
| COUNTY OF ORANGE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Cynthia Louise Brown appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging that defendants violated her Fourth Amendment rights when defendants searched her home.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo a district court's judgment on the pleadings under Fed. R. Civ. P. 12(c), *Honey v. Distelrath*, 195 F.3d 531, 533 (9th Cir. 1999), and we affirm.

The district court properly dismissed Brown's action because the doctrine of collateral estoppel bars her from relitigating the Fourth Amendment issues previously decided during her prior criminal proceeding.  *See Ayers v. City of Richmond*, 895 F.2d 1267, 1270-72 (9th Cir. 1990) (applying California law to give preclusive effect to Fourth Amendment determinations made during a suppression hearing).  Contrary to Brown's contention, Brown had the opportunity to appeal the denial of her motion to suppress and she failed to do so.  *See Rodriguez v. Superior Court*, 245 Cal. Rptr. 617, 620 (Ct. App. 1988) (holding that defendants may appeal a denial of a motion to suppress so long as the initial motion was filed within the deadline provided by Cal. Penal Code § 1510).

**AFFIRMED.**