NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES G. KINNEY,

Plaintiff-Appellant,

v.

STATE BAR OF CALIFORNIA; et al.,

Defendants-Appellees.

No.    15-55329

D.C. No.
2:14-cv-01591-PSG-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted January 12, 2017[**]
Pasadena, California

Before:  KOZINSKI, McKEOWN, and WATFORD, Circuit Judges.

Charles Kinney appeals various rulings arising out of his suit against the

State Bar of California ("the State Bar"), two California state judges, the City of

Los Angeles ("the City"), and City employees Peter Langsfeld, Carolyn Cooper,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and Wesley Tanijiri.  We review de novo the district court's dismissal of Kinney's various claims.  *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1135 (9th Cir. 2001) (summary judgment); *Honey v. Distelrath*, 195 F.3d 531, 533 (9th Cir. 1999) (judgment on the pleadings); *Miller v. Glen & Helen Aircraft, Inc.*, 777 F.2d 496, 498 (9th Cir. 1985) (motion to dismiss).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err by dismissing Kinney's State Bar claims on Eleventh Amendment grounds.  *Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam).  And judicial immunity protects the California state judges from Kinney's claims against them.  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).

Kinney's retaliation claims brought under 42 U.S.C. § 1983 against Langsfeld also fail.  Kinney did not sufficiently plead that Langsfeld's actions either have had or would have a chilling effect on Kinney's First Amendment activities.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 916–17 (9th Cir. 2012) (en banc).  To the extent Kinney seeks to enjoin the enforcement of state court decisions deeming him a vexatious litigant, lower federal courts "possess no power whatever to sit in direct review of state court decisions."  *See Atl. Coast Line R.R.*

2

*v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970).

The district court also did not err in dismissing all of Kinney's § 1983 claims against the City. Insofar as Kinney attempts to advance due process and equal protection claims because of the City's apparent failure to follow its civil codes, he lacks standing for these generalized grievances. *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2662 (2013). Dismissal of the remainder of Kinney's § 1983 claim against the City was also appropriate. Kinney's second amended complaint does not specify exactly which "improper custom, policy, and/or practice" he finds objectionable, nor does it assert that the supposedly problematic policy was widespread or condoned by officials with final policymaking authority. *See Ulrich v. City & Cty. of San Francisco*, 308 F.3d 968, 984–85 (9th Cir. 2002) (describing the ways to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

Because Cooper is entitled to absolute witness immunity for her complaint about Kinney to the State Bar, the district court did not err in dismissing Kinney's claim against Cooper. *See Burns v. Cty. of King*, 883 F.2d 819, 821–23 (9th Cir. 1989) (per curiam); *cf. Lebbos v. State Bar*, 211 Cal. Rptr. 847, 853 (Ct. App. 1985) ("[A]ny communication with an official agency designed to prompt

investigation by that agency is absolutely privileged.").

The district court similarly did not err in granting summary judgment on statute of limitation grounds for Tanijiri on Kinney's § 1983 claim against him. When conducting its analysis, the district court appropriately disregarded Kinney's uncorroborated testimony that was both self-serving and contradicted by his prior actions. *See Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

We review for abuse of discretion the denial of Kinney's motion to disqualify the district judge in this case, *see United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1581 (9th Cir. 1989), and we affirm because the motion entirely lacks merit.

Kinney's other contentions are either unpersuasive or inappropriate for review.

**AFFIRMED.**