Honorable Stephen M. McNamee, Senior United States District Judge
Pending before the Court is Plaintiff United States of America's ("the Government")
*833 Motion for Judgment on the Pleadings Under Rule 12(c) and Memorandum of Points and Authorities in Support. (Doc. 24.) As Defendant Jose de Jesus Estrada ("Estrada") did not respond to the Government's motion, the matter is now ripe for ruling.
I. FACTUAL BACKGROUND[1]
Estrada was admitted as a naturalized United States citizen on May 7, 1999. (Doc. 17-1 at 3, 17.) The Government now brings this action to revoke Estrada's naturalization as illegally procured.
In 1997, Estrada filed his Form N-400, Application for Naturalization, with the Immigration and Naturalization Service ("INS"). (Doc. 17-2.) Estrada signed the naturalization application under penalty of perjury and dated it May 3, 1997. (Id. at 5.) The naturalization application asked, at Part 7, Question 15(a): "Have you ever: a. knowingly committed any crime for which you have not been arrested?" (Id. at 4.) In response, Estrada checked "No." (Id. )
On April 6, 1997, an INS officer placed Estrada under oath and asked him a series of questions regarding his eligibility to become a naturalized citizen of the United States. (Doc. 17-1 at 2-3.) During the naturalization interview, Estrada orally affirmed his answers on his naturalization application and specifically affirmed that he had never knowingly committed any crime for which he had not been arrested. (Id. ) At the conclusion of the April 6, 1999 naturalization interview, Estrada signed the application and swore that the contents of his application were true to the best of his knowledge and belief. (Id. at 5.)
On May 7, 1999, Estrada appeared before the United States District Court for the District of Arizona for his naturalization oath ceremony. (Doc. 17-1 at 3, 17.) Based upon the information Estrada supplied in his application for naturalization and the sworn answers he gave during his April 6, 1999 naturalization interview, Estrada was admitted as a naturalized United States citizen. (Id. ) Estrada was issued Certificate of Naturalization No. 24670879. (Id. )
Over a decade later, in August 2012, Estrada was indicted for sexual conduct with a minor and molestation of a child. (Id. at 28-29.) Between April 29, 1993, and April 28, 1994, Estrada engaged in sexual intercourse and oral sexual contact with his daughter, a minor under the age of 14. (Doc. 17-1 at 27-28, 31.) On October 24, 2013, Estrada pleaded guilty to one count of Sexual Conduct with a Minor, a class two felony, A.R.S. §§ 13-1401, 13-1405, and two counts of Attempted Molestation of a Child, a class three felony, A.R.S. §§ 13-1401, 13-1410, 13-1001. (Doc. 17-1 at 32-38.) Estrada's plea was based on the offenses committed before his naturalization, on or between April 29, 1993, and April 28, 1994. (Id. at 32.) On November 21, 2013, Estrada was convicted and sentenced to 25 years of imprisonment for the sexual conduct charge and placed on lifetime probation for the molestation charges. (Id. at 47-53.)
The Government filed its complaint seeking to revoke Estrada's citizenship on November 6, 2015. (Doc. 1.) Estrada filed an answer. (Doc. 7.) The complaint was then amended to plead four counts, each providing a separate basis for Estrada's denaturalization (Doc. 17.) The Government attached the following to the amended complaint: (1) affidavit of good cause of Andrew Lee, Special Agent, U.S. Immigration and Customs Enforcement, U.S. Department *834 of Homeland Security; (2) Estrada's naturalization documents, including his May 3, 1997 Application of Naturalization (Form N-400) and his May 7, 1999 Certificate of Naturalization (Form N-550); (3) Estrada's Resident Alien form (Form 551); and (4) Estrada's conviction documents, including a copy of the August 24, 2012 direct complaint from the Maricopa County Superior Court ("Superior Court"), a copy of the August 28, 2012 indictment from the Superior Court, copies of the October 24, 2013 plea agreement and plea agreement/change of plea from the Superior Court, a copy of the November 21, 2013 presentence investigation from the Superior Court, and a copy of the November 21, 2013 sentence of imprisonment and probation from the Superior Court. (Docs. 17-1, 17-2.) In his answer to the amended complaint, Estrada categorically denied all counts. (Doc. 19.) The Government then filed the instant motion for judgment on the pleadings, seeking judgment on only Counts I and II of the amended complaint. (Doc. 24 at 1.)
II. LEGAL STANDARDS
A. Motion for Judgment on the Pleadings
Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Honey v. Distelrath, 195 F.3d 531, 532-33 (9th Cir. 1999).
As a general rule, a court must limit its review to the pleadings or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). However, a Court may consider documents attached to the complaint; documents not attached to a complaint if neither party questions their authenticity and the complaint relies on those documents; and matters of public record of which the court may take judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). A court may take judicial notice of documents on file in federal or state courts. Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). "The court need not ... accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (citing Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987) ), op. am. on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001).
B. Denaturalization Under 8 U.S.C. § 1451(a)
Under 8 U.S.C. § 1451(a), a court must revoke and set aside the order admitting a person to citizenship and canceling the certificate of naturalization if such order and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation. The Government bears the burden of proof in denaturalization proceedings. Fedorenko v. United States, 449 U.S. 490, 505, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981). The evidence justifying revocation of citizenship must "be clear, unequivocal, and convincing" and "not leave the issue in doubt." Id. (internal quotations and citations omitted). Once a district court determines that the Government has carried its burden, it must enter a judgment of denaturalization. Id. at 517, 101 S.Ct. 737. Indeed, "district courts lack equitable discretion to refrain from entering a judgment of denaturalization against a naturalized citizen whose citizenship was procured illegally or by willful misrepresentation *835 of material facts." Id. A certificate of citizenship is "illegally procured" where a person fails to comply with the congressionally imposed prerequisites to the acquisition of citizenship. Id. at 506, 101 S.Ct. 737.
Among the statutory requirements to the acquisition of citizenship by naturalization is that the person be of "good moral character." 8 U.S.C. § 1427(a). The statute establishes a required period of good moral character beginning five years prior to filing the application for naturalization and continuing until the applicant takes the oath of citizenship and becomes a United States citizen.[2] Id.; see also 8 C.F.R. § 316.10(a)(1). A person lacks good moral character if, within the statutory period, he falls within any of the several categories enumerated in 8 U.S.C. § 1101(f).
III. DISCUSSION
The Government asks the Court to denaturalize Estrada pursuant to 8 U.S.C. § 1451(a) on two separate grounds: (1) Estrada committed crimes involving moral turpitude in 1993 and 1994 and, therefore, lacked the good moral character required during the statutory period under 8 U.S.C. § 1101(f)(3) ; and (2) Estrada's criminal sexual conduct with a minor was an unlawful act that adversely reflected on his moral character and precluded him from establishing good moral character under the so-called "catch-all" provision of § 1101(f) and 8 C.F.R. § 316.10(b)(3)(iii). (Doc. 24 at 9.) The Court addresses each argument in turn.
A. Crime Involving Moral Turpitude
Under § 1101(f)(3), a person lacks good moral character and is ineligible for naturalization if he is convicted of, or admits to having committed, a crime involving moral turpitude that was committed during the statutory period. 8 U.S.C. § 1101(f)(3) (incorporating 8 U.S.C. § 1182(a)(2)(A) ). The determination whether a conviction under a criminal statute is categorically a crime of moral turpitude involves two steps: (1) identify the elements of the statute of conviction, and (2) compare the elements of the statute of conviction to the generic definition of a crime of moral turpitude and decide whether the conviction meets that definition. Ceron v. Holder, 747 F.3d 773, 778 (9th Cir. 2014). In comparing the statute to the definition, the Court "looks only to the fact of conviction and the statutory definition of the prior offense." United States v. Corona-Sanchez, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc) (quoting Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) ). Conduct is categorically a crime of moral turpitude, if the "full range of conduct prohibited by the statute falls within the definition of that term." Nunez v. Holder, 594 F.3d 1124, 1133 (9th Cir. 2010). "[A] crime involving moral turpitude is generally a crime that (1) is vile, base, or depraved and (2) violates accepted moral standards." Ceron, 747 F.3d at 779 (internal quotations and citation omitted). It must also be a crime that is "done willfully" or with "evil intent." Fernandez-Ruiz v. Gonzales, 468 F.3d 1159, 1165-66 (9th Cir. 2006). Sexual offenses must also involve "actual infliction of harm or a protected class of victim." Nunez, 594 F.3d at 1132.
Here, Estrada pleaded guilty to one count of sexual conduct with a minor age 12, a dangerous crime against children, *836 and two counts of attempted molestation of a child age 12, a dangerous crime against children. (Doc. 17-1 at 32-38.) Arizona's sexual conduct with a minor statute reads:
A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age.
A.R.S. § 13-1405(A). Arizona's molestation of a child statute reads:
A person commits molestation of a child by intentionally or knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child who is under fifteen years of age.
A.R.S. § 13-1410(A).[3]
The Arizona legislature specifically classifies sexual conduct with a minor age 12 committed by a person who is at least age 18, and molestation of a child under the age of 15 committed by a person who is at least age 18, as dangerous crimes against children. See A.R.S. § 13-705.[4] The legislature's purpose in enacting the Dangerous Crimes Against Children Act was to protect children, punish severely those who prey upon them, and address the problem of recidivism among those who target children. State v. Wagstaff, 164 Ariz. 485, 490-91, 794 P.2d 118 (1990).
The Supreme Court has characterized sexual abuse of a child as "a most serious crime and an act repugnant to the moral instincts of a decent people." Ashcroft v. Free Speech Coalition, 535 U.S. 234, 244, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). The Ninth Circuit has found that, under various state statutes, lewd and lascivious conduct toward a child, incest, knowing possession of child pornography, communication with a minor for immoral purposes, and rape are categorically crimes of moral turpitude involving either actual infliction of harm or a protected class of victim, or both. Nunez, 594 F.3d at 1132 (collecting cases); see also Matter of Dingena, 11 I. & N. Dec. 723, 729 (B.I.A. 1966) (stating that "as long as sexual intercourse with a child constitutes a crime under the law of the state ... moral turpitude is involved").
The Court finds that the conduct criminalized under A.R.S. § 13-1405(A) and A.R.S. § 13-1410(A) are categorically crimes of moral turpitude. More specifically, the Court finds that a person at least 18 years old who intentionally or knowingly engages in sexual conduct with a minor age 12 and who intentionally or knowingly attempts to engage in or cause a person under the age of 15 to engage in sexual contact, engages in conduct that may be fairly characterized as vile, base, and depraved and that violates accepted moral standards; involves a protected victim; and is "done willfully." See Ceron, 747 F.3d at 779 ; Nunez, 594 F.3d at 1132 ; Fernandez-Ruiz, 468 F.3d at 1165-66. Because Estrada pleaded guilty to these two crimes, he committed a crime involving moral turpitude during the statutory period.
However, while Estrada indisputably committed these crimes during the *837 statutory period, he was not convicted until over a decade after naturalization. Section 1101(f)(3) does not clearly address whether § 1101(f)(3) applies where, as is the case here, the crime was committed during the statutory period but neither the conviction nor the admission of guilt occurred until after naturalization. The Ninth Circuit has not addressed the question. See United States v. Teng Jiao Zhou, 815 F.3d 639, 642 (9th Cir. 2016) (declining to address the issue). The Seventh Circuit has held that "if the offense was committed during the statutory period when an applicant must possess good moral character, and the applicant is convicted of that offense, the applicant is statutorily barred from a finding of good moral character no matter when the conviction occurs ." United States v. Suarez, 664 F.3d 655, 659 (7th Cir. 2011) (emphasis in original). The Seventh Circuit reasoned that to conclude otherwise "would lead to the absurd result that ... an applicant who evaded prosecution or refused during the statutory period to admit committing a crime would have an advantage over an applicant who was convicted or who was truthful during that time period." Id. at 660. The Court finds the Seventh Circuit's reasoning persuasive and adopts it here.
Accordingly, because Estrada committed crimes involving moral turpitude during the period of time in which he was required to establish good moral character, he was statutorily ineligible to naturalize at the time he became a United States citizen, and thus his certificate of naturalization was illegally procured. As a result, the Government is entitled to judgment revoking Estrada's naturalization.
B. Unlawful Act That Adversely Reflects Upon Moral Character
Section 1101(f)'s "catch-all" provision provides that "[t]he fact that any person is not within any of the [categories enumerated in § 1101(f) ] shall not preclude a finding that for other reasons such person is or was not of good moral character." Pursuant to § 1101(f), the Government promulgated 8 C.F.R. § 316.10. See Teng Jiao Zhou, 815 F.3d at 643. The regulation provides that in addition to the categories enumerated in § 1101(f), a person lacks good moral character "if, during the statutory period, the applicant: ... [c]ommitted unlawful acts that adversely reflect upon the applicant's moral character, or was convicted or imprisoned for such acts." 8 C.F.R. § 316.10(b)(3)(iii). The Ninth Circuit has established that 8 C.F.R. § 316.10 is entitled to Chevron deference and that a naturalized citizen may be denaturalized for pre-naturalization conduct that was not discovered or proven until after naturalization. Teng Jiao Zhou, 815 F.3d at 643.
The Government argues the Court must denaturalize Estrada under 8 C.F.R. § 316.10(b)(3). The Court agrees. "Crimes involving moral turpitude are unlawful acts that adversely reflect on one's moral character." United States v. Martinez, No. 2:17-CV-02658-RGK-SS, 2017 WL 6550854, at *3 (C.D. Cal. Aug. 21, 2017) (citing Teng Jiao Zhou, 815 F.3d at 642 ). As the Court found above, the acts for which Estrada was convicted were crimes involving moral turpitude and occurred during the statutory period. Estrada has not offered any extenuating circumstances to lessen the culpability of his conduct. See 8 C.F.R. § 316.10(b)(3) (providing that good moral character may yet be found if applicant establishes "extenuating circumstances"). These unlawful acts adversely reflected upon Estrada's moral character and, thus, Estrada could not establish the good moral character necessary to become a naturalized citizen under 8 U.S.C. § 1101(f) and 8 C.F.R. § 316.10(b)(3)(iii). Accordingly, Estrada illegally procured his naturalization, *838 and the Court must revoke and set aside his naturalization.
IV. CONCLUSION
Estrada's November 21, 2013 conviction establishes by clear, unequivocal, and convincing evidence that he committed crimes involving moral turpitude during the statutory period requiring good moral character. He was, therefore, ineligible for naturalization under 8 U.S.C. § 1101(f)(3) and 8 C.F.R. § 316.10(b)(3). As a result, his certificate of naturalization was illegally procured and must be revoked under 8 U.S.C. § 1451(a).
Accordingly,
IT IS HEREBY ORDERED granting Plaintiff United States of America's Motion for Judgment on the Pleadings Under Rule 12(c) and Memorandum of Points and Authorities in Support. (Doc. 24.)
IT IS FURTHER ORDERED revoking and setting aside Defendant's naturalization, and canceling his Certificate of Naturalization No. 24670879, issued to Defendant on May 7, 1999, and forever restraining and enjoining Defendant from claiming any rights, privileges, or advantages under any document that evidences the United States citizenship he obtained as a result of his May 7, 1999 naturalization.
IT IS FURTHER ORDERED that Defendant surrender his Certificate of Naturalization No. 24670879 and any other indicia of United States citizenship (including, but not limited to, United States passports, voter registration cards, and other voting documents), and any copies thereof in his possession to the Attorney General or his designated representative. Defendant is also directed to recover any of these documents and materials that he knows are in the possession of others and surrender them to the Attorney General or his designated representative.
IT IS FURTHER ORDERED that the Government notify the Court on or before November 30, 2018, whether the Government seeks further relief or the remaining counts may be dismissed and judgment entered.

The following is the factual background as set forth in the Government's motion. (Doc. 24 at 5-6.)

In this case, Estrada filed his naturalization application on May 3, 1997, and was naturalized on May 7, 1999, thus, he was required to establish that he was a person of good moral character from May 3, 1992, through May 7, 1999. See 8 U.S.C. § 1427(a), 8 C.F.R. § 316.10(a)(1).

An attempt to commit a specific crime occurs when a person, "acting with the kind of culpability otherwise required for commission of an offense," either "[i]ntentionally engages in conduct which would constitute an offense if the attendant circumstances were as such person believes them to be" or "[i]ntentionally does or omits to do anything which, under the circumstances as such person believes them to be, is any step in a course of conduct planned to culminate in commission of an offense." A.R.S. § 13-1001(A)(1)-(2).

A dangerous crime against children is in the first degree if a completed offense, and in the second degree if a preparatory offense. A.R.S. § 13-750(O).